(August 4, 1923.)

## HAROLD JOHNSTON, Respondent, v. A. C. WHITE LUMBER COMPANY, a Corporation, Appellant.

[217 Pac. 979.]

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACTS—PHYSICIANS
AND SURGEONS—MODERN MEDICAL AND SURGICAL METHODS—QUES-
TIONS OF LAW AND FACT—JURISDICTION OF THE DISTRICT COURT.

1. Reasonable medical and surgical treatment as contemplated
by C. S., sec. 6229, require the exercise of ordinary care and skill
in the light of present day learning and enlightenment on the sub-
ject.

2. If the medical and surgical treatment provided by the em-
ployer is not reasonable within the meaning of C. S., sec. 6229, the
employee may, without further demand on the employer, procure
reasonable treatment at the latter's expense.

3. The application of the law to undisputed facts raises a ques-
tion of law, not of fact.

4. On an appeal from the award of the Industrial Accident
Board to the district court, the latter has jurisdiction to enter
judgment.

APPEAL from the District Court of the Eighth Judicial
District, for Bonner County. Hon. John M. Flynn, Judge.

Appeal from judgment reversing award of Industrial Ac-
cident Board. *Affirmed.*

E. W. Wheelan, for Appellant.

The employer is only required to provide for an injured
employee such reasonable medical, surgical and other attend-
ance or treatment as may be required or be requested by the

Publisher's Note.

1. Care and skill required of physicians and surgeons, see notes
in 1 Ann. Cas. 21, 306; 14 Ann. Cas. 605.

employee immediately after an injury and for a reasonable time thereafter.   (C. S., sec. 6229.)

Demand is necessary before employee may employ physician at the expense of the employer.   (*Goldflam v. Kazemier & Uhl, Inc.,* 181 App. Div. 140, 168 N. Y. Supp. 87.)

The employer has the right, and it is his duty, to designate and employ the physician to treat the injured employee. (*Keigher v. General Electric Co.,* 173 App. Div. 207, 158 N. Y. Supp. 939; *City of Milwaukee v. Miller,* 154 Wis. 652, Ann. Cas. 1915B, 847, 144 N. W. 188, L. R. A. 1916A, 1; *Junk v. Terry & Tench Co., Inc.,* 163 N. Y. Supp. 836; *Pecott v. American Mut. Liability Ins. Co.,* 223 Mass. 546, 112 N. E. 217; *In re Davidson,* 228 Mass. 257, 117 N. E. 310; *Radil v. Morris & Co.,* 103 Neb. 84, 170 N. W. 363, 7 A. L. R. 539; *Tennant v. Ives,* 2 Cal. I. A. C. Dec. 862; *Telford v. Healy Tibbits Cons. Co.,* 3 Cal. I. A. C. Dec. 41; *Swift & Co. v. Industrial Commission,* 288 Ill. 132, 123 N. E. 267.)

If medical services are offered by the employer within a reasonable time, and are refused by the employee, the employer is released from liability for medical and surgical treatment.   (*Kelley v. Pacific Electric Ry. Co.,* 1 Cal. I. A. C. Dec. 150; *Mahoney v. Gamble Desmond Co.,* 90 Conn. 255, 96 Atl. 1025.)

The findings of fact made by the Industrial Accident Board are conclusive and binding on the district court on appeal if based on any evidence.   That court on appeal is limited to review of questions of law.   (C. S., secs. 6270, 6270A; *McNeil v. Panhandle Lumber Co.,* 34 Ida. 773, 203 Pac. 1068; 28 R. C. L., sec. 116; *Bidwell Coal Co. v. Davidson,* 187 Iowa, 809, 174 N. W. 592, 8 A. L. R. 1058.)

On appeal the district court can only review questions of law—either confirm or reverse the decision of the Industrial Accident Board—cannot make findings of fact or render judgment.   (*Baum v. Industrial Commission,* 288 Ill. 516, 123 N. E. 625, 6 A. L. R. 1242; *E. Baggott Co. v. Industrial Commission,* 290 Ill. 530, 125 N. E. 254, 7 A. L. R. 1611.)

James F. Ailshie and James F. Ailshie, Jr., for Respondent.

A physician is bound to make a proper diagnosis and a failure on the part of the physician for the employer to do so is negligence and malpractice and does not constitute "reasonable medical care" within the meaning of the Workmen's Compensation Act. (21 R. C. L., sec. 33, p. 387; *Burk v. Foster,* 24 Ky. Law, 791, 114 Ky. 20, 69 S. W. 1096, 59 L. R. A. 277; *Manser v. Collins,* 69 Kan. 290, 76 Pac. 851; *Polinos v. Rener,* 190 Ill. App. 416; *Hoffman v. Watkins,* 89 Wash. 661, 155 Pac. 159; *Just v. Littlefield,* 87 Wash. 299, Ann. Cas. 1917D, 705, 151 Pac. 870.)

A failure on the part of the physician for the employer to use methods consistent with modern medicine and surgery is negligence and malpractice and does not constitute "reasonable medical attention" within the meaning of the Workmen's Compensation Act. (Sec. 6229, C. S.; 21 R. C. L., sec. 29, p. 384; McClellan on Malpractice, p. 43; *Lawson v. Conoway,* 37 W. Va. 159, 38 Am. St. 17, 16 S. E. 564, 18 L. R. A. 627; *Harris v. Fall,* 177 Fed. 79, 100 C. C. A. 497, 27 L. R. A., N. S., 1174.)

No request for additional treatment on the part of the employee is necessary, as it is the duty of the employer to bring to the employee the required humanitarian relief, and it does not mean a mere passive willingness to respond to a demand. (*In re Ripley,* 229 Mass. 302, 118 N. E. 638; *Campbell v. White Lumber Co.,* 3 Cal. I. A. C. Dec. 33; *Eikenbarry v. Northport Smelting & Refining Co.,* 120 Wash. 508, 208 Pac. 32.)

The test is: Was the attention accorded the injured employee such as would satisfy a reasonable man under like circumstances? (*Radil v. Morris & Co.,* 103 Neb. 84, 170 N. W. 363, 5 A. L. R. 539.)

In the case at bar it was the duty of the district court, upon reversing the Industrial Accident Board, to enter a judgment in favor of the claimant. (*Rakie v. Jefferson Clearfield Coal & Iron Co.,* 259 Pa. St. 534, 103 Atl. 302;

*Odrowski v. Swift & Co.*, 99 Kan. 163, 162 Pac. 268; secs. 6272, 6272a, C. S.)

McCARTHY, J.—This proceeding was instituted by respondent before the Industrial Accident Board to recover of appellant certain medical, hospital and nursing expenses as a result of an accident while in appellant's employ. After a hearing the board made its findings and rendered its decision dismissing respondent's petition, and denying his claim. Thereupon an appeal was taken by respondent to the district court of Bonner county, which reviewed the proceedings of the board and entered judgment in respondent's favor in the sum of $898, with interest. This appeal is from the judgment.

The facts appearing from the record are as follows: Respondent was a truck driver in the employ of his brother, Earl W. Johnston, a logging contractor employed by appellant, and, while loading logs on July 6, 1921, was seriously injured by a log striking and falling upon him. He was taken immediately to a hospital at Laclede, for medical attention. The hospital was operated by Dr. Didier, who was under contract with appellant to furnish medical and hospital services to appellant's employees, $1 per month being deducted from the wages of each to pay for such services. Upon respondent's arrival he was examined by Dr. Didier, who stated that his leg was broken. When respondent's three brothers, who accompanied him, suggested that an X-ray examination be made, Dr. Didier stated that the current was poor but he might be able to take some X-ray pictures that evening after dark. Thereupon the doctor put the injured leg in splints, held in place with adhesive straps, and stretched it by raising the bed and the use of a pulley and weights. The examination also disclosed a number of bruises and a laceration of the perineum, which the doctor sewed up. The following morning respondent's brothers came to the hospital and were informed by Dr. Didier that he had not taken any X-ray pictures because the electrical power was not strong enough. Thereupon re-

spondent was taken by his brothers to St. Luke's Hospital at Spokane and placed under the care of Dr. Tennant and Dr. Langworthy. An X-ray examination was thereupon made, which disclosed a compound fracture of the left femur, fractures of the pelvis bone, and that the right pelvis bone was separated at the joint.

Appellant specifies nine assignments of error. The first four relate to the findings of the lower court that the claimant was not furnished reasonable medical, surgical and other attention by Dr. Didier, at Laclede, Idaho; that the A. C. White Lumber Company did not provide for the injured employee reasonable medical and surgical attention and hospital service immediately after the injury to respondent, and that the claimant was justified in abandoning the medical and surgical service furnished by the employer. These assignments will be considered together.

C. S., sec. 6229, provides:

"The employer shall provide for an injured employee such reasonable, medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus, as may be required or be requested by the employee immediately after an injury, and for a reasonable time thereafter. If the employer fails to provide the same, the injured employee may do so at the expense of the employer. . . . . "

In determining whether respondent was furnished such reasonable medical, surgical and hospital service as contemplated by the statute, attention must be given to the diagnosis made and treatment given. Dr. Didier's diagnosis is found in the report furnished the Industrial Accident Board on July 7, 1921, as follows: "Give accurate description of the nature and extent of the injury. (Ans.) Fracture, transverse, simple, femur, left, at junction of middle and upper third, contused wound, perineum, parallel with median line, skin and subcutaneous tissues, and apparently no injury to perineal body, ecchymosis and bruising surrounding tissues and Rt. groin."

The diagnosis of Dr. Langworthy was: "These pictures showed a fracture of the left femur, with a marked displacement of the ends of the bone and with about an inch of overlapping of the ends of the femur. In addition there was a fracture of the left acetabulem, a fracture of the left side of the sacrum, a fracture of the ascending ramus of the right ischium, and a separation of about two inches of the symphysis pubes"; and that of Dr. Tennant: "The report of the X-ray examination showed a comminuted fracture of the upper half left femur, upper fragment displaced outward, some shortening, fracture of the left acetabulem; lower half of osinominatum displaced inward on right side; the ascending ramus of ischium fractured, no displacement; marked displacement of two fingers breadth at symphysis pubes; probably fracture of sacrum."

Dr. Didier's diagnosis was based upon manipulation of the injured limb and Dr. Tennant's and Dr. Langworthy's upon X-ray pictures. The testimony of four doctors points out the use of the X-ray as the only recognized method of locating and diagnosing fractures. This is practically a matter of common knowledge. Dr. Didier testified that many fractures had been reduced without the use of the X-ray. Reasonable medical and surgical treatment as contemplated by C. S., sec. 6229, requires the exercise of ordinary care and skill in the light of present day learning and enlightenment on the subject. An examination of the X-ray plates admitted in evidence will convince a layman that the fracture of the left femur is not a simple fracture. The fact that respondent informed Dr. Didier he was suffering great pain in his right side elicited the response from the doctor that it was probably caused by the fracture of the left femur and shock. Four doctors testified it was impossible to accurately locate fractures of the pelvis bone without the use of the X-ray. Dr. Didier admits he did not find all of the injuries disclosed by the X-ray. He stated he could not locate all of the injuries in the pelvic region by external manipulation, and could not take a body picture with his X-ray machine at any time. We conclude the trial court

was justified in finding that Dr. Didier's failure to use modern methods of diagnosis could not be considered reasonable treatment within the meaning of the statute.   The same is true of the treatment given after the diagnosis.   Dr. Didier attempted to reduce the fracture and restore the injured leg to its normal length by means of what is known as Buck's method, consisting of placing the injured member in splints, held in place by adhesive strips, and the use of a pulley and weights.   The record discloses that he based his conclusion as to the normal length upon that of the right leg.   There would have been nothing wrong in this if the right leg had been normal, but, due to the fractures and overlapping in the pelvic region, it was not.   It is a matter of conjecture what the result would have been had respondent continued under the care of Dr. Didier, but judging from the initial treatment, it would have been anything but beneficial.

Error is predicated upon the finding of the court that respondent was justified in abandoning such medical and surgical service furnished by the employer.

Under the provisions of C. S., sec. 6229, the employer is required to provide "such reasonable medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus as may be required or be requested by the employee," and if he fails to make such provision "the injured employee may do so at the expense of the employer."   Appellant lays great stress upon the fact that respondent failed to make a demand upon appellant for better treatment and contends that it was his duty so to do.   Numerous authorities are cited in support of this contention, but a review of them discloses that in each case the employee obtained the services of another physician without first resorting to the one provided by the employer.   In the instant case respondent went to the doctor furnished by appellant and, because he did not receive proper treatment, was justified in seeking it elsewhere.   He was given this right by the statute last cited, upon the failure of the em-

ployer to furnish the necessary medical and surgical attendance and treatment.

Another assignment of error is the entering of judgment against appellant. It is contended it was the duty of the district court, after reviewing the proceedings of the Industrial Accident Board, to remand the cause for further proceedings and that the district court was without jurisdiction to make findings or enter judgment. This contention is based upon the provisions of C. S., sec. 6270, providing for appeals from the board, which reads as follows:

"An award of the board in the absence of fraud, shall be final and conclusive between the parties except as provided in section 6269, unless within 30 days after a copy has been sent to the parties, either party appeals to the district court. On such appeal the jurisdiction of the court shall be limited to a review of questions of law."

It is conceded that under C. S., sec. 6270, the district court is limited to a review of questions of law. The application of the law to undisputed facts raises a question of law, not of fact. In this case there was no conflict in the evidence before the board. The question was therefore one of law.

C. S., sec. 6272A (1921 Sess. Laws, p. 480), reads as follows:

"Whenever any question involving compensation of an injured employee, or his dependents, is appealed to the District or Supreme Court by the employer and the appellate court finds in favor of the employee in an amount equal to or greater than the award of the Board, then the employer shall pay interest on the whole amount of the judgment of the court at seven per cent per annum from the date of the award by the Board to date of payment but if the award of the Board be reduced then the employer shall not be required to pay interest on any amount for any time prior to the date of *final judgment of the court*.

"If the employee, or his dependents, appeal from an award by the Board and the *final judgment of the court* should be in excess of award of the Board, then the em-

ployer shall pay interest at the rate of seven per cent per annum from date of award by the Board on the amount of *final judgment of the court* until paid, but if the award of the Board be sustained or decreased then the employer shall not be required to pay interest prior to the *final judgment of the court.*"

The latter section negatives appellant's contention. The use of the words "final judgment of the court" clearly shows it was the intent of the legislature to confer power upon the court to enter judgment. The cases cited by appellant construe widely different statutes.

The question whether the existence of a hospital contract under C. S., sec. 6230, prevents a recovery under section 6229 is not raised in this case, and we do not pass upon it.

We have examined other assignments of error, and conclude they are not well taken. We do not deem it necessary to discuss them.

The judgment is affirmed, with costs to respondent.

Dunn, William A. Lee and Wm. E. Lee, JJ., concur.