251 P.2d 538

Application of IDAHO HOSPITAL ASS'N.

No. 7813.

Supreme Court of Idaho.

Dec. 20, 1952.

Kibler & Beebe, Nampa, for appellant
Idaho Hospital Ass'n.

Elder, Elder & Smith, Coeur d'Alene, and Brown & Peacock, Kellogg, for protestants, Self Insurers and Reciprocals under Workmen's Comp. Co.

E. B. Smith, Boise, for protestant, Idaho Comp. Co.

Anderson & Kaufman, Boise, for protestants, Idaho State Federation of Labor.

McCarthy & Feeney, Lewiston, for protestant, North Idaho Medical Service Bureau.

Walter M. Oros, Boise, for St. Alphonsus Hospital and Order of Benedictine Sisters.

Robert E. Smylie, Atty. Gen., for Industrial Accident Board.

Glenn A. Coughlan, Asst. Atty. Gen., for protestant, State Insurance Fund.

GIVENS, Chief Justice.

After an informal request to change an order of the Industrial Accident Board of July 1, 1950, fixing hospital rates and charges, appellant—a voluntary association and organization of designated member and

associated hospitals operating in Idaho— filed a formal petition with the Industrial Accident Board December 10, 1950, asking the Board to amend the above Order.

A public hearing was ordered by the Board before the Honorable Charles F. Koelsch, retired District Judge, as Referee, for January 10, 1951.

Hearings were held, attended and participated in by attorneys representing interested parties as follows:

Frank F. Kibler of Kibler & Beebe, Nampa, representing petitioner, Idaho Hospital Association

Walter M. Oros, Boise, on behalf of St. Alphonsus Hospital, Boise, and the Order of Benedictine Sisters

Robert E. Brown of Brown & Peacock, Kellogg, and

Robert H. Elder of Elder, Elder & Smith, Coeur d'Alene, representing certain self-insurers and reciprocals under the Workmen's Compensation Act

Eugene Anderson of Anderson & Kaufman, Boise, on behalf of the Idaho State Federation of Labor

E. B. Smith, Boise, representing Idaho Compensation Company

Leslie T. McCarthy of McCarthy & Feeney, Lewiston, representing the North Idaho Medical Service Bureau

Glenn A. Coughlan, Assistant Attorney General, on behalf of the State Insurance Fund

E. E. Midgley, adjuster, Boise, representing the Association of Casualty Companies and National Association of Mutual Casualty Companies,

who filed seriatim various traverses and dilatory demands, which the Referee more or less summarily and properly disregarded as unwarranted in this proceeding. The Referee made a meticulous report and findings and conclusions.

May 17, 1951, appellant submitted excessively and unreasonably long and verbose proposed findings and conclusions, which fortunately, therefore, were not adopted.

Certain protestants filed objections to such proposed findings June 11, 1951.

The Board entered its final Order July 12, 1951, effective August 1, 1951, as follows:

"Order Adopting Hospital Room Rates

"Under authority of the Workmen's Compensation and Occupational Disease Compensation Laws, the Industrial Accident Board hereby promulgates the following hospital room rates, effective August 1, 1951:

"The hospital's published rate in effect December 31, 1951, less 10% if paid within 15 days after submission of bill, but not exceeding net:

Ward (2 beds or more) per
day ...................$ 8.00
Private room when ordered
by attending physician,
per day ............... 11.00"

324

The Association appealed from this Order August 3, 1951.

■ In limine, protestants' motion to dismiss the appeal because the Association does not possess any legal status is without merit and is denied. The Association has sufficient legal entity to appear for the member hospitals as their collective representative and agent in this proceeding. Sections 72–601 and 72–506, I.C. Crane Creek Reservoir Administration Board v. Washington County Irrigation Dist., 48 Idaho 662, 284 P. 557; Pierstorff v. Gray's Auto Shop, 58 Idaho 438, 74 P.2d 171; McGarrigle v. Grangeville Electric Light & Power Co., 60 Idaho 690, 97 P.2d 402.

Initially, petitioner-appellant in applying to the Board for a hearing and determination of hospital charges, evidently took the position the Board had authority under Section 72–307, I.C., to so fix, as a general proposition, hospital charges applicable in all forthcoming accidents and for treatment and hospitalization thereof. It now, as we understand its brief, takes the opposite view. Protestants assert the Board may so fix rates.

■ Administrative interpretation over a period of years has, and is entitled to, great weight, United Pacific Ins. Co. v. Bakes, 57 Idaho 537, at page 545, 67 P.2d 1024, and will be followed unless there are urgent or cogent reasons to the contrary. McCall v. Potlatch Forests, Inc., 69 Idaho 410, at page 413, 208 P.2d 799. But where the administrative interpretation or action under the statute is not in conformity thereto, it must be disregarded. Breckenridge v. Johnston, 62 Idaho 121, 108 P.2d 833.

Since at least 1942 the Board has fixed charges and rates for hospital services on a state-wide basis.

Section 72–307, I.C., is as follows:

"The employer shall provide for an injured employee such reasonable medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus, as may be required or be requested by the employee immediately after an injury, and for a reasonable time thereafter. If the employer fails to provide the same, the injured employee may do so at the expense of the employer. All fees and other charges for such treatment and services and compensation therefor shall be subject to regulation by the board. The pecuniary liability of the employer for the treatment and other service herein required shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living when such treatment is paid for by the injured person. In determining what fees and charges are reasonable, the board shall consider the increased security of payment afforded by this act."

■ The sentence, "All fees and other charges for such treatment and services and compensation therefor shall be subject to regulation by the board" is a general and comprehensive declaration; nevertheless, it is to be considered in connection with the next two sentences: "The pecuniary liability of the employer for the treatment and other service herein required shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living when such treatment is paid for by the injured person. In determining what fees and charges are reasonable, the board shall consider the increased security of payment afforded by this act."

Regulation certainly would encompass passing upon and determining whether the particular rate, charge or fee should be approved and the only difference between determining before or after is, in the former a general rate is set in advance for the guidance of all interested, concerned or affected thereby; in the latter action is deferred, but the determination by the Board envisages the same essential function. Western Hospital Ass'n v. Industrial Accident Board, 51 Idaho 334, 6 P.2d 845. Hence, "regulation may" appropriately be held to authorize fixing the rates and charges as an administrative and forthright method of regulation. State v. Guertin, 89 N.H. 126, 193 A. 237.

The rates or charges must meet the approval of the Board, reasonably determined, and this determination may be in advance as well as deferred, opportunity being given to modify as special circumstances require.

■ Thus, this Statute clearly authorizes the Board with exclusive and general, Sections 72–102, 72–501, 72–503 and 72–511, I.C., comprehensive, administrative activation of our workmen's compensation and related laws, under the general administrative power of regulation, to fix rates and charges by hospitals for services rendered patients receiving treatment under the workmen's compensation law, City of Lewiston v. Isaman, 19 Idaho 653, at page 665, 115 P. 494; Arnold v. Sullenger, 200 Cal. 632, 254 P. 267, as a general guide subject to modification if the circumstances in any particular case so require. Denne v. Plymouth Coal Mining Co., 91 Pa.Super. 429.

■ Appellant portends patients may be forced or have to pay the difference between treatment given and what the patient should receive, or what the patient may be compelled to obtain over and above that given. The Statute and the holdings of this Court are clearly to the contrary, i. e., that the patient is entitled, without expense to him, to reasonably adequate care, treatment and hospitalization. Johnston v. A. C. White Lumber Company, 37 Idaho 617, 217 P. 979; Arneson v. Robinson, 59 Idaho 223, 82 P.2d 249; Totton v. Long Lake Lumber Co., 61 Idaho 74, 97 P.2d 596; Epperson v. Texas-Owyhee Mining & Development, 63 Idaho 251, 118 P.2d 745. In other words, the employer

and/or carrier are to furnish adequate care within the recognized standards. Flock v. J. C. Palumbo Fruit Co., 63 Idaho 220, 118 P.2d 707; Hancock v. Halliday, 65 Idaho 645 at page 663, 150 P.2d 137, 154 A.L.R. 295. Of course, if what the particular patient desires is beyond or in addition to what is determined to be reasonable, he may secure it and must pay for it. Koegler v. C. F. Davidson Co., 69 Idaho 416, at page 423, 209 P.2d 728.

In the first instance, the attending physician or surgeon, by reason of his responsibilities, Los Angeles County v. Industrial Accident Commission, 13 Cal.App.2d 69, 56 P.2d 577, at page 579, perforce prescribes what treatment and hospital services are required and the hospitals certainly are free to offer various services and the rates and charges as fixed should be for such classes, and should not be unjustifiably curtailed.

Three classes of services are offered by many of the hospitals in the State, according to the uncontradicted record and as reported by the Referee:

"1. A ward room, a room with three or more beds;

"2. A semi-private room, a room with two beds; and

"3. A private room, a room with a single bed."

 In this kind of a proceeding, the Board is not necessarily required—although it would not be amiss—to make findings of fact and conclusions, which should be short, concise and to the point. Upon the final determination as set forth herein, the evidence must support whatever charges and fees the Board fixes in appropriate, homogeneous (as to communities) hospitals.

The Order of the Board of July 12, 1951, is reversed and the proceedings remanded for the Board to fix fees and charges by hospitals for the three classes of services on a community basis in accordance with the statute.

Costs to appellant.

PORTER, TAYLOR, and KEETON, JJ., and ANDERSON, District Judge, concur.