PER CURIAM.
Certiorari denied.
ON REHEARING GRANTED
THOMAS, Justice.
The hearing of the claim growing out of injuries received by the .respondent Lym-beris culminated in an order awarding compensation for temporary total and tempo *746 rary partial disability for 18 months, permanent partial disability of the body as a whole for 70 weeks following, and commanding the payment to a hospital of the sum of $1800 and the reimbursement of the claimant for $68 expended by him for drugs and x-rays. The order further required the payment of $1900 for services of claimant’s attorney, $123 for his expenses in procuring depositions, and the sums of $200 and $250 respectively to two named physicians. All other doctors who testified were allowed $50 each for their services.
When the matter reached the Full Commission on application for review, an order was entered simply affirming the deputy’s conclusion because it was justified by the evidence under the rule adopted in United States Casualty Company v. Maryland Casualty Company, Fla., 55 So.2d 741.
Before the deputy there was testimony from the claimant, lay witnesses, two neuro-psychiatrists, a neurologist, a psychologist, two psychiatrists, an ophthalmologist, and, during treatment administered the claimant he had an electroencephalogram and a lumbar puncture.
It appears that the claimant, in the course of his employment, fell a distance of 10 feet striking his head and sustaining an epidural hematoma which required brain surgery. The hematoma was evacuated by a neurosurgeon. The claimant remained in the hospital 16 days and upon failure to improve was returned to the hospital where an acrylic cranioplasty, or insertion of a plastic plate, was performed. After a stay of nine days he was discharged, remaining under the care of physicians, however, for the next 10 months. Although he complained of headaches and dizziness, he undertook to work for his employer but earned only $52.57 per week as compared with $126, the amount of his wages before the accident. He then ceased his work and has .never resumed it.
jWhen the case came to this court it was determined, 16 July 1962, by a denial of the petition for certiorari without comment. Then the petitioners filed a petition for rehearing which was granted. In it two points were presented: number two, corresponding with the second point in the original brief, raised the question whether or not a psychiatric condition is a disease within the purview of Sec. 440.02(19), The Workmen’s Compensation Law, F.S.A., subject to the limitation of the act.
The claimant was apparently normal before his injury, but afterward, so it was testified by witnesses whom the deputy chose to believe, he became moody, thought everyone was against him, distrusted his attorneys and doctors, expressed a desire to jump into the river and was irrational, incoherent and despondent.
At the first hearing claimant’s condition had so depreciated that he could not intelligently answer questions propounded to him so the deputy appointed a psychiatrist to examine him, who later reported that the claimant was devoid of personality disorder before his injury but that the hurt had triggered a recession and his then condition was the equivalent of a traumatic sequela.
There seems to have been sufficient testimony acceptable by the deputy to establish that the claimant’s plight was traceable to trauma suffered in the accident and not to a pre-existing condition as was urged by the petitioners.
Inasmuch as we are convinced that there was ample testimony from which the deputy could deduce that claimant had had no “preexisting disease” that was “accelerated or aggravated” by claimant’s fall, there is no occasion for us now to decide whether or not only a part of the resulting damage was compensable by petitioners.
The other problem, corresponding with the third point in the original brief, deals with the propriety of the assessment against the petitioners of an unitemized hospital bill without notice, request, or authorization by the employer.
*747 In approaching a solution we must examine closely the provisions of Sec. 440.13(1) of The Workmen’s Compensation Act, F.S.A. In the event the employer fails to provide the treatment there specified “after request” by the employee the employee may secure it at the employer’s cost and the reasonableness and necessity must be determined by the Commission. The employee cannot recover the amount so expended unless the employer has failed, refused or neglected to comply with the request, or the nature of the injury required the treatment, and the employer, his superintendent or foreman knew it. Moreover a claim for treatment is not valid and enforceable if within certain intervals the one who administers the treatment fails to provide the employer and the Commission, as well as the injured person if he demands it, with a report of the injury and the treatment. The “commission for good cause may excuse the failure of the physician or other ■recognized practitioner to furnish any report * *
It should be noted that the act places upon the physician or recognized practitioner the responsibility of filing the reports, but does not specify how or by whom good cause may be shown excusing failure to comply.
A study of two recent decisions by this court shed light on the problem with which we are presently struggling. In one, United Electric Company et al. v. Myers et al., Fla., 134 So.2d 7, the question involved the failure to file the “request” for treatment and that not having been done, it was held that the order commanding payment of hospital and medical expenses was erroneous. It is significant that in the opinion, the court observed that there could be circumstances under which a claimant could be excused for his failure to request his employer to furnish him with medical attention.
In the other case, Sterling Equipment Manufacturing Corporation et al. v. May et al., Fla., 144 So.2d 305, the court decided, by analogy, that the responsibility for failure of a hospital to file the report was the claimant’s “just as it [was] his duty to show good cause for not making demand on his employer before seeking treatment on his own.” Incidentally, in this case the Commission had ruled that the deputy should have determined the point but the duty of exploration was not put upon the deputy.
So we come to the conclusion from reading the act that it was the duty of those giving treatment to file the reports, and from the reading of the cited case that the claimant should have shown cause excusing the absence of the reports.
The petitioners contend that here “in the absence of a showing by a hospital, physician or other recognized practitioner of good cause for failure to file reports, it is at least a permissible inference that the charges are not assessable at all.” Then the petitioners add that when good cause is shown, the Commission has the discretion to forgive the failure. But as we have already commented, the act contains a reference to good cause for the neglect to file the reports but it is silent about the manner in which and the person by whom the showing should be made.
Reverting to the language in United Electric Company v. Myers, supra, to which we have drawn particular attention, we think the very circumstances of this case as they unfolded before the deputy established good cause, as he said. He found that the claimant’s mind was beclouded when he was brought to the hospital with an obviously severe head wound and that even at the time of the hearing he was in such a psychiatric state that he did not know how he came to be admitted. Such a conclusion seems to us a sensible showing of reason, so far as he was concerned, why the reports were not forthcoming.
In the petition for rehearing, the petitioners undertake to argue that there was no testimony relative to reasonableness of the hospital charges. It is too late now to inject that controversy. Under Rule *748 3.14(b) of the Florida Appellate Rules, 31 F.S.A., no new ground or position may be assumed in a petition for rehearing. In the original brief there was no mention of this feature save a mere reference to a bill which was not itemized.
A second study of the record in the light ■of the petition for rehearing has not revealed a reason to disturb the rulings of the deputy and the Full Commission.
After rehearing, we adhere to our original order denying certiorari.
TERRELL, Acting C. J., and THOR-NAL, O’CONNELL and HOBSON (Ret.), JJ., concur.