ERVIN, Justice.
This workmen’s compensation proceeding was initiated by respondent, Southern Florida Sanitarium and Hospital Corporation, doing business as Hialeah Hospital, to recover an alleged balance due on a certain bill from the petitioner-carrier for physiotherapy treatments rendered to the employee, Mrs. Joyce M. West. Mrs. West is not involved in this proceeding, although she testified at the hearing.
On October 5, 1961 Mrs. West sustained an injury to her left hand which the petitioner-carrier accepted as compensable and furnished treatment therefor. Mrs. West testified that her doctor, while treating her for her injury gave her an injection to which she reacted by breaking out with hives; thereupon, her doctor had her admitted to Hialeah Hospital.
While in Hialeah Hospital and under the direction of her doctor, she was given physiotherapy treatments to her injured hand as well as treatment for the hives. Hialeah Hospital submitted a bill to petitioner-carrier for the physiotherapy treatments at a rate of $5.00 per treatment. The petitioner-carrier paid for said treatments at the rate of about $4.00 per treatment and refused to pay more, hence, Hialeah Hospital filed a claim for the balance.
The petitioners’ chief defenses were that Hialeah Hospital was subject to the same regulations as a physician or any other medical practitioner under the medical fee schedule of September 1, 1960, adopted by the Commission and that the hospital was barred from recovering anything for the treatments because it had failed to file the reports required by F.S. § 410.13, F.S.A.
The deputy resolved the claim in favor of petitioners by finding that the failure of Hialeah Hospital lo file the reports as required by F.S. § 440.13, F.S.A. barred recovery under said provision, but, because of “equitable” considerations Hialeah Hospital was entitled to $4.00 per treatment, that being the amount paid to other doctors or therapists for similar treatments under the medical fee schedule.
The full Commission reversed on the ground that
“ * * * under the evidence adduced in the cause the hospital charges for physical therapy furnished claimant were not shown to exceed such charges as prevail in the same community for similar treatment of injured persons of like standard of living.”
This holding was based on the Commission’s determination that the medical fee schedule did not apply to hospitals, and that hospitals were only limited in their charges by F.S. § 440.13(3) (a), F.S.A.,
“ * * * that is, such charges as prevail in the same community for similar treatment of injured persons of like standard of living.”
The Commission also determined that hospitals were not required to file the reports set forth in F.S. § 440.13, F.S.A.
We agree with petitioners’ contention that the filing of reports as required by F.S. § 440.13, F.S.A., applies to hospitals as well as physicians and other practitioners. Sterling Equipment Manufacturing Corp. v. May, Fla., 144 So.2d 305; Corporate Group Service, Inc., v. Lymberis, Fla., 146 So.2d 745. However, the failure to file said reports is not fatal where sufficient cause is shown excusing the absence of the reports. See Sterling Equipment Manufacturing Corp. v. May, supra; Corporate Group Service, Inc. v. Lymberis, supra; Consolidated Growers Ass’n v. Kruse, 159 Fla. 405, 31 So.2d 545. Further, the employer’s conduct may constitute a *133 waiver to this provision. Foster v. Cooper, 143 Fla. 493, 197 So. 117.
It appears from the record that petitioners at the time were fully aware of the treatments rendered to the employee and petitioners did not object to such treatments being g-iven. The petitioner-carrier accepted and paid for the greater portion of the treatments and refused to pay anything over that allowed by the medical fee schedule. We find nothing in the record that would warrant reversal of the full Commission on this point.
However, we do find reversible error in the Commission’s order on the question of the applicability of the medical fee schedule to hospitals for treatment included in such schedule. It is not apparent to this Court why the fee schedule should limit charges for physiotherapy treatments as to doctors or therapists when given in their offices or facilities, but such limitations may not apply when the same treatment is given by therapists in a hospital. In this respect we agree with the Deputy Commissioner. It is not shown in the record that the treatments were substantially different or more elaborate in the hospital than they would be if given in a private practitioner’s office. Even if this was shown, it should not have any effect insofar as what may be charged in fees covered by the fee schedule. Principles of uniformity and equality would appear to require there be no difference between persons concerning said charges scheduled and allowed.
• This appears to have been the view, i. e., the administrative interpretation of the medical fee schedule by the Commission as gleaned from the Commission’s order in Roy Puckett et al. v. Garrigan and Boland, Inc. et al., Volume 1, F.C.R. 192. This Court denied certiorari in that case. See Shelton et al. v. Sadler et al., Fla., 82 So.2d 883. Until now, nothing to the contrary has appeared since that case.
In short, we find no basis for applying the medical fee schedule only to fees charged for treatments given by a private practitioner and not to charges for the same treatment given in a hospital.
The full Commission’s order is quashed and the cause remanded for the entry of an order consistent with this opinion. '
It is so ordered.
DREW, C. J., and THOMAS and ROBERTS, JTJ., concur.
CALDWELL, J., dissents.