565 A.2d 118

**Joel L. FALIK, et al.**

**v.**

**PRINCE GEORGE'S HOSPITAL AND MEDICAL CENTER, et al.**

**No. 100, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

Nov. 1, 1989.

Steven M. Nemeroff (Wortman, Marcus & Nemeroff, on the brief), Beltsville, for appellants.

John T. Beamer, II, Associate County Atty. (Michael P. Whalen, County Atty. and Michael O. Connaughton, Deputy County Atty. on the brief), Upper Marlboro, for appellees.

Argued before ROBERT M. BELL, WENNER and FISCHER, JJ.

WENNER, Judge.

Upon this appeal from the Circuit Court for Prince George's County, we are asked whether the court properly affirmed an order of the Workers' Compensation Commission which denied a physician's claim for medical fees in excess of amounts prescribed by the Commission in its *Guide of Medical and Surgical Fees.* We shall answer the question in the affirmative.

The facts are not in dispute. Appellant, Joel L. Falik, is a physician who provided medical services and treatment to an employee of appellee, the Prince George's County Hospi-

tal and Medical Center, for an injury suffered by the employee within the scope of Maryland's Workmen's Compensation Act. Ann.Code of Md. (1957, 1985 Repl.Vol., 1988 Cum.Supp.) Art. 101, § 1 et seq. Appellant billed appellee $4,120 for the services. Appellee, in accordance with the fees prescribed by the *Guide of Medical and Surgical Fees* (Fee Guide), paid appellant only $1,778. Appellant petitioned the Workers' Compensation Commission for the balance of his fees, and the Commission denied the petition. Undaunted by that rebuff, appellant appealed to the Circuit Court for Prince George's County. The circuit court affirmed the Commission. It reasoned that, because the fees for medical services and treatment were subject to regulation by the Commission, the Commission did not err in its ruling.[1]

## Discussion

Section 37 of the Workmen's Compensation Act requires that an employer provide an injured employee such medical treatment and services "as may be required by the Commission." That section, in pertinent part, also provides:

(c) **Fees and charges.**—All fees and other charges for such treatment and services shall be subject to regulation by the Commission, and shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living. At least once every 2 years, the Commission shall review the allowable fees and other charges for completeness and reasonableness and shall make appropriate revisions to established guidelines.

\* \* \* \* \* \*

(e) **Rules and regulations.**—The Commission shall have full power to adopt rules and regulations with respect to furnishing medical, nurse, hospital services,

---

1. The judgment of the circuit court affirming the decision of the Commission adopted in full the memorandum of law submitted to it by appellee.

and medicine to injured employees entitled thereto and to the payment therefor, . . . .

Appellant contends that § 37(c) requires the Commission in every case to consider evidence of charges prevailing in the community where the medical services were rendered. Consequently, appellant posits that the circuit court erred when it affirmed the decision of the Commission. We see it differently.

The cardinal rule of statutory construction, of course, is to ascertain and carry out legislative intent. *Jones v. State*, 311 Md. 398, 405, 535 A.2d 471 (1988). In that regard, the primary source of legislative intent is the language of the statute itself. *Id.* And, where the language is clear and unambiguous, there is no need to go beyond the words of the statute to find its meaning. *Fireman's Fund Insurance Company v. Bragg*, 76 Md.App. 709, 716, 548 A.2d 151 (1988).

■ As we see it, the meaning of § 37(c), when read, as we must read it, together with the section as a whole, is clear. The Commission is empowered to promulgate rules and regulations for all fees and other charges for medical treatment and services. *Holy Cross Hospital v. Nichols*, 290 Md. 149, 153, 428 A.2d 447 (1981). While the rules and regulations must be reasonable as well as consistent with the spirit of the statute, the power to regulate, where conferred, is inherently broad. *See, Sullivan v. Bd. of License Commissioners*, 293 Md. 113, 121–122, 442 A.2d 558 (1982). Indeed, illustrative of the intent to confer broad regulatory powers upon the Commission in the circumstances *sub judice* are both the grant of "full power" to adopt rules and regulations, and the subjection of *"all* fees and charges" to regulation. Moreover, under a statute markedly similar to § 37, the power to regulate has been defined to include the authority to adopt a maximum fee schedule. *Application of Idaho Hospital Ass'n*, 73 Idaho 320, 251 P.2d 538 (1952).

Contrary to appellant's assertion, we do not read that part of § 37(c) limiting fees and charges to those that prevail in the same community as setting a standard for the Commission to apply on a case-by-case basis. Rather, we see the limiting language as establishing a ceiling on the Commission's discretion to establish a schedule of fees and charges.[2]  61 Op. Att'y Gen. 926, 931 (1976) (the statutorily prescribed standard of § 37(c) is that the schedule of fees and charges set by the Commission shall correspond with those prevailing in the same community for similar treatment of injured persons of a like standard of living.)  *See also* Gilbert and Humphreys, *Maryland Workers' Compensation Handbook* (1988), § 10.3 (medical fee schedules set forth the limit for which an employer can be held liable for a particular medical treatment and service).  While it is true, as appellant suggests, that the Fee Guide is intended to be flexible, we do not agree that the variation should manifest itself from community to community on a case-by-case basis.  Rather, the flexibility in allowable fees should occur only in the event of "extraordinary or unusual conditions or complications."[3]  We also point out that the preface to the Fee Guide makes clear that the schedule of fees and charges is statewide in application.

We have not been referred to, and in our own research we have not found, any Maryland cases construing § 37 in the precise circumstances with which we are now faced. Decisions of the courts of other jurisdictions, however, that have considered comparable Worker's Compensation provisions, lend support to our construction of § 37.

North Carolina's Workers' Compensation Act provides, in pertinent part,

---

2.  The latter sentence of § 37(c), added in 1987 for the purpose of providing that the allowable fees and other charges established by the Commission shall be reviewed every two years and revised accordingly, is an additional check on the Commission's regulatory authority.

3.  Workmen's Compensation Commission, *Guide of Medical and Surgical Fees*, General Information.

The pecuniary liability of the employer for medical, surgical, hospital service, nursing services, medicines, sick travel or other treatment required when ordered by the Commission, shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living ...

N.C.Gen.Stat. § 97-26 (1985). Notwithstanding that language, the Commission is empowered to adopt fee schedules fixing maximum fees which may be charged for medical services and treatment. *Wake Co. Hospital Sys., Inc. v. North Carolina Industrial Commission*, 8 N.C.App. 259, 174 S.E.2d 292 (1970).[4] The fees prescribed by the Commission shall govern, except in the event special hardship cases warrant that the Commission allow fees in excess of those published. *Id.* Similarly, Florida's Workers' Compensation Law limits all fees and charges for medical treatment to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living. The Florida Law also provides for the adoption of a schedule of maximum charges. Fla.Stat.Ann. § 440.13(3)(a).[5] In that light, the Supreme Court of Florida denied a petition for writ of certiorari to review an order of the State Industrial Commission allowing the schedule authorized fee of $2.00 for a penicillin injection, despite evidence that the charge prevailing in the community for such an injection was $3.00. *Shelton v. Sadler*, 82 So.2d 883 (1955 Fla.). Similarily, in *Board of County Commissioners v. Southern Fla. Sanitarium and Hospital Corporation*, 173 So.2d 131 (1965, Fla.), it was held that a hospital was not entitled to recover charges for treatment in addition to the sum allowed by the fee schedule adopted by the Commission.[6]

---

**4.** Shepard's Citations indicates that an application for certiorari, review or rehearing was denied; however, no citation is provided.

**5.** The statute has subsequently been revised to clarify that schedule of maximum fees is statewide in application.

**6.** In *Eastern Elevator Company v. Hedman*, 290 So.2d 56 (1974, Fla.), the Supreme Court of Florida overruled *Shelton* and *Southern Fla.*

Moreover, in other jurisdictions, the authority of the Commission to adopt maximum fee schedules is not inconsistent with provisions limiting the liability of an employer to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living. *See* Minn.Stat.Ann. §§ 176.135, 176.136 (1988); *see also* Ky.Rev.Stat.Ann. § 342.035 (Michie 1988).

■ In sum, we perceive no error in the Commission's decision to deny appellant's claim for fees in excess of those prescribed by the Fee Guide. The parties proceeded in the circuit court on an agreed statement of facts that averred, in part, only that the fees sought by appellant were equal to the charges then prevailing in Prince George's County for the same treatment of injured persons of like standard of living. There is no evidence of any extraordinary or unusual conditions or complications that would have warranted an allowance of fees beyond those established by the Fee Guide. Accordingly, on the facts before us, we hold that the circuit court did not err in affirming the decision of the Workers' Compensation Commission. Md. Rule 8–131(c); *Gly Construction Co. v. Davis,* 60 Md.App. 602, 608, 483 A.2d 1330 (1984), *cert. denied,* 302 Md. 288, 487 A.2d 292 (1985).

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

---

*Sanitarium, supra,* only to the extent that they may intimate that a physician or hospital has standing to file independently a Workers' Compensation claim for services. *Id.* at 57.