CARROLL, Judge.
This is an appeal by defendants from an adverse summary final decree and from a subsequent order denying their petition for rehearing. The suit, filed in Dade County on May 21, 1962, was for foreclosure of a mortgage on three separate parcels of real estate, one of which was Lot 9 of Block 8 of Keystone Point subdivision (Plat Book *799 50, page 62). The mortgage secured a 30-day note for $17,750.
The defendant mortgagors filed an answer and counterclaim. They averred there were a number of loan transactions between the parties; that this was one of several security items furnished; that the value of the security was in excess of $100,000 and the indebtedness secured was $67,500. Defendants charged that the transactions were infected with usury, and on information and belief charged the plaintiff with conversion of collateral. They counterclaimed for cancellation of the notes and mortgages involved, and for damages for overpayment and for conversion.
Thereafter the matters in controversy were settled, and the parties filed a stipulation for dismissal.[1] Appended to the stipulation was an order of dismissal, as follows:
“Upon the foregoing Stipulation, it is,
“Ordered and Adjudged that this cause hereby is dismissed with prejudice as to all parties’ claims or counterclaims, subject, however, to the terms of an Agreement dated the 20th day of February, 1963, by and between B. J. Layne and Maurice E. Kerr, and addenda thereto.”
Later the plaintiff filed a motion in this suit for summary final decree of foreclosure as to the Keystone Point lot, supported by an affidavit of B. J. Layne, one of the attorneys of record for the plaintiff. His affidavit set out the lengthy agreement of February 20, 1963, which Layne had signed for the plaintiff as attorney in fact. Among other things the agreement disposed of the defendants’ claims of usury and for conversion of collateral, and settled all matters between the parties except the Keystone Point lot second mortgage which then was pending on foreclosure in this suit.
The agreement provided, in substance, as to the Keystone Point lot, that the dismissal of the cause based on the settlement would not include the foreclosure as to that lot; that a prior first mortgage on the lot was in default and in process of foreclosure; that if the defendant Kerr would cause the first mortgage to be placed in good standing, and obtain dismissal of the foreclosure suit thereon, within a time specified in the agreement (approximately two weeks), or obtain a commitment for refinancing the indebtedness within a stated time (approximately five weeks), a satisfaction of the (second) mortgage would issue on the Keystone Point lot; that otherwise and upon failure of Kerr to so perform, plaintiff would be entitled to foreclose on the Keystone Point lot and further defense thereto would be waived.
The affidavit in support of the motion for summary decree of foreclosure on the lot in question, in addition to setting out the settlement agreement, charged that Kerr had failed to meet the conditions imposed in the agreement. In response and in opposition to the motion for summary decree, an affidavit was filed by the defendant Kerr which revealed that he had obtained $2,000 and delivered it into escrow with a title company to be used to place the first mortgage in good standing, and to issue a new second mortgage to secure said $2,000; admitting the first mortgage had not been placed in good standing within the time provided for, but taking the position that the money to accomplish that had been escrowed and the transaction was uncompleted because of absence of an abstract of title; that, on belief, the plaintiff or his lawyer had possession of *800 the abstract at the time involved; that in view of the escrow the attorney for the first mortgagee had suspended progress of that foreclosure suit; and contending that in the circumstances it would be inequitable to hold defendants to the time limit specified in the agreement.
The chancellor rejected as insufficient the matter thus submitted in opposition to the motion, and granted a summary final decree of foreclosure on the Keystone Point lot. Defendants then filed a petition for rehearing, which repeated contentions made earlier and added certain new grounds and arguments. The petition for rehearing was denied. This appeal was then taken, and the decree was superseded.
Appellants make three points, contending first that the court erred in entering a summary final decree because there were triable fact issues; second, that the relief sought and granted to plaintiff was unconscionable; and third that the conduct of the mortgagee was such as to estop him from acceleration. We find those contentions to be without merit, and affirm.
No question was raised in the trial court or on this appeal regarding the procedure employed in the motion for and the granting of summary final decree. We can not agree with appellants’ contention that there were triable issues. The facts were not in dispute. The ruling of the chancellor was as to the legal effect of the factual situation disclosed. We can not hold the chancellor in error for his ruling in rejecting as insufficient the matter submitted as an excuse for nonperformance by the defendants. It has not been shown that in so holding the chancellor abused his discretion. The petition for rehearing was properly denied, if for no other reason because of its form. A petition for rehearing which reargues the cause and presents new or additional arguments is improper and invites its rejection.
Affirmed.

. The stipulation, entitled “Stipulation for Order of Dismissal” was as follows:
“It is hereby stipulated and agreed by and between the respective attorneys for the parties to this cause, that the same has been amicably settled and may be dismissed with prejudice as to all parties’ claims or counterclaims, subject, however, to the terms of an Agreement dated the 20th day of February, 1963, by and between B. J. Layne and Maurice E. Kerr, and addenda thereto.”