ON PETITION FOR REHEARING
On July 1, 1974, Petitioner, Paul Anthony DiCocco, filed a document entitled, “Application for Writ of Prohibition, Su-persedeas or Other Relief”, and attachments. Such application was insufficient as a matter of substance and as a matter of procedure. Gleaning through it, however, we determined that petitioner requested us somehow, by granting super-sedeas, to prevent his removal to the State of New York on July 3, 1974. He sought to maintain his presence here in the State of Florida while he appealed the order which compelled his attendance as a witness before the Grand Jury of the State of New York.
It was our view that the matter was governed by Rule 5.10, Florida Appellate Rules. It is there clearly mandated that the petitioner must first apply to the lower *866 court for supersedeas or stay, with it being the office of the appellate court to review the order thereon when petitioner is dissatisfied. A perusal of the attachments reflected that on the same day that petitioner filed his application in this Court he filed a one sentence motion for supersedeas in the lower court. It was not reflected that this matter had been actually presented to the trial court and there was no record of the proceedings or order of the trial court which would permit our review under the mentioned Rule 5.10. Thus, we denied petitioner’s application.
And now petitioner has filed a petition for rehearing directed to our earlier denial of his Application for Writ of Prohibition, supersedeas and stay or Other Relief. It is many paged. Perusing it, it appears that petitioner is taking an altogether new position in his Petition for Rehearing. It exactly appears that following our original ruling on July 2, 1974, the petitioner caused the motion for supersedeas to be presented to the trial court on July 3, 1974, and did then obtain the trial court order denying supersedeas based on these findings :
“2. That the Court finds that the Appellant-Petitioner is not entitled to Su-persedeas and to grant same might unduly delay the proceedings in the State of New York for which Appellant-Petitioner is sought.”
“3. That the Court finds that there exists no hardship so as to prevent the appearance of the Appellant-Petitioner in the State of New York.”
We feel that the Petition for Rehearing is violative of Rule 3.14(b), Florida Appellate Rules, because it assumes new grounds and new positions and asserts new proceedings when compared to the positions taken and the record when the matter was presented to us initially. See Kerr v. Schildiner, 167 So.2d 798 (Fla.App.3d 1964); Corporate Group Service, Inc., v. Lymberis, 146 So.2d 745 (Fla.1962); Sherwood v. State, 111 So.2d 96 (Fla.App.3d (1969).
Secondly, even if we were able to look to the merits of the matter, we see that the petition for supersedeas before the trial court is not illuminating and the record of the proceedings reveals only colloquy and argument of counsel, as opposed to a presentation of facts and evidence. Further, the record contains the suggestion that petitioner’s purpose, among others, is to exhaust his state remedies so that he may travel the Federal Court route. Thus, there is no basis for us to adjudicate that the denial of supersedeas under the guidelines of Rule 5.10, supra, is arbitrary, unreasonable or improper. We find no reason of record to doubt the trial court’s observation at page 10 of the July 3, 1974, proceedings, “I am of the opinion that the prime purpose of all these proceedings is for the purpose of delay only. And not to get to the root of the matter.”
All circumstances considered, it is ordered that the petitioner’s petition for rehearing filed on July 5, 1974, be and the same is hereby
Denied.