No. 43,095

W. Grantham, by Thomas Van Winkle, D. C., *Appellant*, v. The Coleman Company, Inc., and The Travelers Insurance Company, *Appellees.*

(375 P. 2d 629)

Opinion filed November 3, 1962.

*Gerald L. Michaud,* of Wichita, argued the cause, and *Russell Cranmer,* and *W. William Syrios,* both of Wichita, were with him on the briefs for the appellant.

*Robert J. Hill,* of Wichita, argued the cause, and *Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, Robert T. Cornwell, Willard B. Thomson,* and *David W. Buxton,* all of Wichita, were with him on the briefs for the appellee. *Hugo T. Wedell* and *Homer V. Gooing,* of counsel.

The opinion of the court was delivered by

JACKSON, J.: The present appeal arises out of a proceeding before the Workmen's Compensation Commissioner (now Director). This is an unusual proceeding in that it is prosecuted by the appellant Dr. Thomas Van Winkle, a chiropractor, to recover $91.00 for services rendered to W. Grantham, an employee of the Coleman Company, Inc., who with its insurance carrier are shown as appellees and actually are opposing the doctor in this proceeding.

Stating the case more clearly, Grantham was an employee of the Coleman company and on December 31, 1959, injured his back while on his job. He reported the injury to the Coleman company, left the job and seems to have gone to Dr. Van Winkle's office where he was examined and treated. Grantham stayed off work until January 6, 1960, and continued treatment with Dr. Van Winkle until January 18, 1960. Grantham had no permanent disability and made no claim for workmen's compensation on his own behalf.

Grantham testified that he signed and turned over to Dr. Van Winkle an employee's claim for workmen's compensation and treatment. The doctor submitted this paper to the Coleman company along with his own bill for treating Grantham. The Coleman company refused to pay this claim, and therefore the doctor began this proceeding before the workmen's compensation commissioner. Mr. Grantham did not tell Dr. Van Winkle to file an application for hearing. It would appear that he was quite willing to pay the doctor out of his own funds. He was told, however, that it would be paid under the workmen's compensation act.

Grantham was subpoenaed and testified before the commissioner. He indicated that he was perfectly willing for the doctor to learn whether he could receive compensation but was making no claim on his own behalf.

The parties to the appeal have stated the questions raised in this proceeding are as follows:

"1. Can a person other than an employee or employer (or their appropriate counterparts, i. e. dependents of a deceased workman and the insurance carrier of an insured employer) institute and prosecute a proceeding before the Workmen's Compensation Commissioner (now Director)?

"2. Is a chiropractor a physician or surgeon within the meaning of G. S., 1961 Supp., 44-510?"

Turning to the first question above, we have found only one case which presents a claim by a hospital for allowance of a claim for

treatment where no workmen's compensation proceeding had been started by the usual parties—the employee or the employer. That case is *Wilson Drilling Co. v. Beyer*, 138 Okla. 248, 280 Pac. 846. In the Wilson case it was held there was no jurisdiction for the state commissioner to hear the case without a workmen's compensation proceeding having been begun. The case held that where no proceeding had been filed the physician was relegated to the common law courts.

Appellant has cited *Pacific E. I. Co. v. Industrial Acc. Com.*, 10 C. 2d 567, 75 P. 2d 1058; and *Higley v. Schlessman* (Okla.), 292 P. 2d 411. In each of those cases there was a normal proceeding for compensation being carried on, and in each case it is noted that unless the employee and employer were actually parties, the claim on behalf of the doctor could not be litigated.

We have no question that once an ordinary compensation proceeding has been begun, a physician may come in and file his claim for services to the workman but we note that nowhere in article 5 of chapter 44 of the General Statutes does it appear that anyone except the employee or the employer or other direct representatives, such as dependents of the workmen, may begin a proceeding before the commissioner.

We must agree with the Oklahoma court that unless the parties have begun a proceeding for compensation before the workmen's compensation commissioner, there is no jurisdiction to entertain the doctor's claim for his services.

The trial court passed upon the second question as to whether Dr. Van Winkle was qualified to institute proceedings under the compensation act as a chiropractor and denied that right. There might be a question whether the words "physicians and surgeons" in the compensation act do not have a broader meaning than as used in the Healing Arts Act. At least, a chiropractor is a member of one of the healing professions under the Healing Arts Act (G. S. 1961 Supp., 65-2802). We do not need to discuss the question at the present time since we have already shown that the appellant cannot be successful in his appeal.

The decision of the trial court was correct in holding that appellant could not maintain the proceeding to recover his claim for services in the absence of a workmen's compensation proceeding. That decision is hereby affirmed, although slightly modified as to the reason for the decision. It is so ordered.