290 So.2d 56 (1974)
EASTERN ELEVATOR COMPANY, and Travelers Insurance Company, Petitioners,
v.
Lenart C. HEDMAN et al., Respondents.
No. 44454.
Supreme Court of Florida.
February 13, 1974.
*57 William A. Frieder of Law Offices of Joel R. Teague, Coral Gables, for petitioners.
DEKLE, Justice.
In this certiorari petition by the employer to the Industrial Relations Commission, the respondent is a physician who treated an injured employee. The compensability of the injury under our Workmen's Compensation Law has not yet been determined so far as the record before us discloses. A physician cannot initiate compensation proceedings as an independent "claimant" in workmen's compensation for his services; his claim is dismissed and attorney's fees denied.
Respondent physician rendered various medical services to the employee and sent his bill on an appropriate form, claiming $1,200 for 6 hours work. The medical advisors at the Department of Commerce, utilizing the Department's fee schedule, reviewed the documents submitted, including the doctor's operative report, and allowed a fee of $610, which has been paid. Being dissatisfied with this, the physician presented himself as a "claimant" before the Judge of Industrial Claims.
Despite objections by employer/carrier, the JIC proceeded with the hearing and entered an order allowing a medical fee in the amount of $1,000, plus costs and attorney's fee. As a basis for such award, the order specified that the physician had rendered lengthy and extraordinary medical attention which was not properly outlined in the hospital records. The Industrial Relations Commission, on review of this order, reversed as to the award of attorney's fees, and affirmed the balance of the order.
The petition for certiorari asserts:
(1) that a treating physician may not assume the posture of a claimant before the JIC and receive payment for services rendered to an injured employee in excess of the amounts provided in the fee schedule;
(2) that a physician may not demand payment for services listed in the fee schedule in an amount in excess of that provided for in the schedule; and
(3) that the order of the JIC was not supported by competent, substantial evidence in accordance with logic and reason.
Petitioner's first assertion is that the treating physician is without standing to bring the claim. We agree. Although a claim for payment in excess of that provided by the fee schedule was made by a hospital in the cases of Board of County Com'rs., Dade County, v. Southern Florida Sanitarium & Hosp. Corp., 173 So.2d 131 (Fla. 1965), and Shelton v. Sadler, 82 So.2d 883 (Fla. 1955), the question of standing to assert an independent claim was never raised in either of these cases. At no time has this Court ruled that a hospital or physician has standing to file independently a workmen's compensation claim for services. Since we determine herein that a physician does not have standing to file an independent claim, the above-cited cases are hereby overruled to the extent that they may intimate otherwise.
*58 The basis for a recovery in a workmen's compensation claim for medical expenses is found in F.S. § 440.13, F.S.A., which provides that the duty of the employer is to provide medical care for the employee and establishes limits on the medical fees which may be recovered. If the medical fee (1) falls within the categories of recoverable medical expenses set forth in F.S. § 440.13(1), F.S.A., (2) arises out of a compensable incident; and (3) comes within the limitations of F.S. § 440.13(3), F.S.A., the physician is entitled to payment of the appropriate amount for his services.
This does not mean, however, that the physician may independently bring a claim before the JIC. In this regard, F.S. § 440.10(1), F.S.A., is controlling. In pertinent part, it provides that the employer "shall be liable for and shall secure the payment to his employees of the compensation payable under §§ 440.13, 440.15 and 440.16." (emphasis ours) Thus, the statute specifically makes the employer liable to his employee for payment of the recoverable medical expenses and any payment must be on the employee's behalf. In the face of this express legislative directive, we may not change the law to make the employer liable separately to the physician. The statute does not provide the physician with a right of action against the employer directly. The employer is liable only to the employee, the more so where, as here, compensability of the employee's condition is as yet undetermined. Of course, the employer may voluntarily make direct payment to the physician. And, perhaps, the physician might join in a proceeding initiated by the employee where the employee arbitrarily refused to include the physician's bill in the claim. The physician, however, does not independently have standing to initiate a claim for his fees.
Even if the physician in this cause did have proper standing, the order below would have to be reversed. Although there are certain recognized exceptions to the conclusiveness of the amounts provided for in the fee schedule promulgated pursuant to F.S. § 440.13(3)(a), F.S.A., there is no competent, substantial evidence in this record to support an award of medical fees in excess of those provided in the fee schedule, none of these exceptions having been properly shown to be present.
Accordingly, the orders of the Industrial Relations Commission and of the JIC are quashed and the cause is dismissed.
It is so ordered.
CARLTON, C.J., and ROBERTS, BOYD and McCAIN, JJ., concur.
ERVIN and ADKINS, JJ., dissent.