Dr. L. E. HULVEY *v.* KELLWOOD
COMPANY et al

77-266                                     559 S.W. 2d 153

Opinion delivered December 19, 1977
(Division I)

*Henry A. Allen, II,* for appellant.

*Friday, Edlredge & Clark,* by: *Frederick S. Ursery,* for appellees.

GEORGE ROSE SMITH, Justice. Mary Tankersley filed a workmen's compensation claim for an admittedly compensable injury. Her treating physician, Dr. Hulvey, a chiropractor who was represented by counsel, submitted a bill for $4,-446 for services rendered over a period of 14 months. The insurance carrier questioned the reasonableness of Dr. Hulvey's bill, which was accordingly submitted to the Commission for its approval. Ark. Stat. Ann. § 81-1311 (Repl. 1976). The Commission found the charges to be unreasonable, allowed 60% of the amount sought, but refused to award Dr. Hulvey an attorney's fee because the matter had been pursued by the doctor and his attorney rather than by the claimant and her attorney. On appeal the circuit court affirmed the 60% award, but found that an attorney's fee was recoverable and remanded the cause to the Commission for its determination of a proper fee. An appeal and cross appeal bring both points up for review.

The Commission's action in reducing Dr. Hulvey's claim by 40% is supported by substantial evidence. When the insurance carrier first protested the bill, its reasonableness

was considered by the Peer Review Committee of the Arkansas Chiropractic Association, of which Dr. Hulvey is a member. The committee unanimously found, after what appears to have. been a fair hearing at which Dr. Hulvey appeared in person and by counsel, that there had been an over-utilization of services and excessive charges. The Commission's opinion recites that the Commission, after considering all the evidence in the case, including the Peer Review Committee's recommendation, found that the bill was unreasonable and should be reduced by 40%.

We do not agree with Dr. Hulvey's argument that, even though the proof justified the Commission's finding that the amount of the claim is unreasonable, the Commission nevertheless could not reduce the amount by 40% (or any other percentage) without expert testimony that the bill was excessive in precisely that ratio. Such a holding would shift the responsibility for determining the issue of reasonableness from the Commission, where the statute puts it, to the expert witnesses. There was much testimony about the charges made by various chiropractors. Given the Commission's undeniable authority to find that the charges were excessive, we cannot say that the actual 60% allowance is not supported by substantial evidence.

The circuit court was also right in finding that an attorney's fee should be allowed in a sum to be determined by the Commission. The statute refers to the allowance of "[f]ees for legal services rendered in respect of a claim." § 81-1332. The same section goes on to set maximum limits in terms of graduated percentages of "compensation." We have held that medical services are a part of "compensation" and that attorney's fees are recoverable with respect to such services. *Ragon v. Great American Indemnity Co.*, 224 Ark. 387, 273 S.W. 2d 524 (1954). In that case, it is true, the claim for medical services had been presented by the claimant's attorney rather than by an attorney for the doctor or the hospital rendering the services. In the case at bar, inasmuch as a fee would have been recoverable if Dr. Hulvey's claim had been presented by the claimant's attorney, we see no difference in principle merely because the doctor was himself represented by counsel. Indeed, that seems to be the intent of the statute, which provides that reasonable charges for

medical services, when approved by the Commission, "shall be enforceable by the Commission in the same manner as is provided for the enforcement of compensation payments." § 81-1311.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.