## WILLITS AND SON SOD FARM, Employer, and ARKANSAS FARM BUREAU, Insurance Company *v.* Jeanette M. MOON, Widow of Robert Earnest MOON, Deceased Employee

77-364                                                                561 S.W. 2d 82

Opinion delivered February 6, 1978
(Division I)

*Laser, Sharp, Haley, Young & Huckabay, P.A.*, for appellants.

*Purtle, Osterloh & Weber,* by: *Henry J. Osterloh,* for appellee.

GEORGE HOWARD, JR., Justice. This is a Workmen's Compensation case and the question to be determined is whether there is substantial evidence to support the holding of the Commission that appellants-respondents are liable for medical expenditures due the Veterans Administration Hospital.

After reviewing the complete record, we conclude there is substantial evidence to support the Commission's holding and, accordingly, we affirm.

## THE FACTS

The facts show that the employee-decedent, Robert Earnest Moon, on December 27, 1973, sustained a compensable injury in the course of his employment and was admitted to the Baptist Medical Center in a comatose condition. He was subsequently transferred to the Veterans Administration Hospital where he died on March 10, 1974, without ever regaining consciousness.

On or about December 10, 1974, the Veterans Administration Hospital filed its claim with the Arkansas

Workmen's Compensation Commission for medical services rendered in behalf of the decedent in the sum of $3,000.00. The evidence reflects, and the Commission found, that the Veterans Administration Hospital had no knowledge of the Workmen's Compensation coverage until December 10, 1974, but upon receiving notice of coverage, the Veterans Administration Hospital promptly filed its claim.

Appellants controverted the employee-decedent's claim as well as the claim of the widow of the employee for death benefits, all the way to the Arkansas Supreme Court, on the grounds that the employee-decedent's injury and death were unrelated to his employment. However, during this protracted litigation, appellants did not challenge the validity of the Veterans Administration Hospital's claim or the standing of appellee to press for payment of the claim.[1]

Sometime after this Court affirmed the Commission's holding in an unpublished opinion dated May 3, 1976, which involved a collateral matter involving the merits of the widow's claim for death benefits, appellants challenged the Veterans Administration Hospital's claim on the sole ground that the Veterans Administration Hospital did not comply with Rule 21 of the Commission. Rule 21 provides, *inter alia,* that when an injured workman enters a Veterans Administration Hospital for treatment of an on-the-job injury, the Veterans Administration Hospital, as soon as it ascertains from the injured workman that he has suffered from an alleged compensable injury, shall promptly notify the Commission, employer or the' insurance carrier. Rule 21 also provides that upon receipt of such notice, the employer or insurance carrier shall immediately offer to provide the injured employee private medical and hospital care and in the event the employee declines such offer, the insurance carrier and employer shall not be liable for the expense of the treatment rendered by the Veterans Administration Hospital.

On January 3, 1977, appellants-respondents, for the first time, by letter, asserted an additional contention in resisting

[1]It is significant to note that the Veterans Administration Hospital is not a party litigant to this action. Moreover, the only involvement by the Veterans Administration Hospital is the fact that it did file a claim for medical services rendered, but appellee has been the moving party against appellants for consideration of the claim.

the Veterans Administration Hospital's claim by asserting that the Veterans Administration Hospital had no standing to recover on its claim for medical services rendered. In support of this position, appellants cite *Pennsylvania National Mutual Casualty Insurance Company* v. *Barnett,* 445 F. 2d 573 (5th Cir., 1971).

## I.

Appellants' argument that the case of *Pennsylvania National Mutual Casualty Insurance Company* v. *Barnett,* supra, requires a reversal of the Commission's holding in the instant case in requiring appellants to pay the claim of the Veterans Administration Hospital is not convincing. *Barnett* is not on all fours with the instant case and, consequently, is to be distinguished. For example, in *Barnett,* the Veterans Administration Hospital was a party litigant in the action, whereas, in the instant case, the Veterans Administration Hospital is not. From the inception of the controversy centered around the claim of the Veterans Administration Hospital, the appellee-widow has taken all of the affirmative steps to require appellants to pay the medical expenditures incurred in connection with her husband's injury. Moreover, in the instant case, the employee-decedent was admitted to the Veterans Administration Hospital in a comatose state and, as a matter of fact, never regained consciousness. The Veterans Administration Hospital could not comply with Rule 21 or obtain an assignment of Workmen's Compensation Commission benefits because it had no knowledge of the existence of such benefits. However, upon learning of Workmen's Compensation coverage, the Veterans Administration Hospital took prompt action to file its claim. On the other hand, in *Barnett,* the injured employee did not execute an assignment of Workmen's Compensation benefits to the Veterans Administration Hospital, although *Barnett* was physically and mentally able to execute an assignment and, did in fact, execute other documents during his confinement.

In addition, although the initial hearing in the Workmen's Compensation action was held on July 25, 1974, appellants did not assert lack of standing to claim payment for medical expenditures by the Veterans Administration Hospital until January 3, 1977. Besides, the record reflects

that appellants may have led the Commission and appellee to believe that the only question to be raised about medical expenditures, if any at all, would relate to the reasonableness of such expenditures. Consequently, not only is there a basis for laches to be invoked, but, perhaps estoppel as well.

## II.

Relative to appellants' argument that the Veterans Administration Hospital did not comply with Rule 21 of the Commission, we would simply state that what we have already said above applies here. However, it seems apparent from the record that appellants knew that decedent had been transferred to the Veterans Administration Hospital and was admitted in a comatose state and appellants could have taken steps to offer to provide care for the decedent in a private hospital under the care of a private physician, thus, laying a foundation for invoking Rule 21 of the Commission and, consequently, deriving whatever benefits appellant may have been entitled to under this rule.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ.