417 So.2d 284 (1982)
Dean S. REBICH, Employee, Robert K. Fabric, M.D., Appellants,
v.
BURDINE's AND LIBERTY MUTUAL INSURANCE COMPANY, Appellees.
No. AH-412.
District Court of Appeal of Florida, First District.
July 16, 1982.
Rehearing Denied August 11, 1982.
Stuart F. Suskin of Abrams & Suskin, North Miami Beach, for appellants.
C. Randal Morcroft, Fort Lauderdale, for appellees.
McCORD, Judge.
Dr. Robert K. Fabric, the claimant's treating physician, appeals from a workers' compensation order finding that certain of his claims for payment of services rendered to the claimant are barred by the two year statute of limitations of Section 440.19, Florida Statutes. Fabric essentially argues that because physicians are not specifically *285 mentioned in Section 440.19, his claims are governed by the four year statute of limitations for breach of contract contained in Section 95.11(3)(k), Florida Statutes, and are thus timely. We agree and reverse.
A brief legislative history will aid in framing this issue. Prior to 1974, a physician did not have independent standing under Chapter 440, Florida Statutes to bring an action against an insurance company for the payment of his outstanding bill or bills before a deputy commissioner (then judge of industrial claims). § 440.10(1), Fla. Stat. (1973); Eastern Elevator Co. v. Hedman, 290 So.2d 56 (Fla. 1974). That statutory provision was subsequently amended to bring doctors' claims for workers' compensation bills under the provisions of the Act. Ch. 74-197, § 6, Laws of Fla. However, in none of the various permutations of Section 440.19 has the legislature seen fit to specifically include a physician's claim within that statute's ambit. We conclude that the court may not remedy this omission.
For guidance we turn to generally accepted principles of statutory construction. Usually, the courts in construing a statute may not insert words or phrases in that statute or supply an omission that to all appearances was not in the minds of the legislators when the law was enacted. Armstrong v. Edgewater, 157 So.2d 422 (Fla. 1963). When there is doubt as to the legislative intent, the doubt should be resolved against the power of the court to supply missing words. In Re: Estate of Jeffcott, 186 So.2d 80 (Fla. 2d DCA 1966). Since the omission of the term "physician" from Section 440.19 certainly renders doubtful a legislative intent that his or her claims be specifically included, we decide against construing this statute in such a way. This conclusion is buttressed by the corollary doctrine of expressio unius est exclusio alterius. Under that doctrine, where a statute enumerates the thing or things on which it is to operate, it is ordinarily to be construed as excluding from its operation all those things not expressly mentioned. Thayer v. State, 335 So.2d 815 (Fla. 1976); Ideal Farms Drainage Dist. v. Certain Lands, 154 Fla. 554, 19 So.2d 234 (1944).
Alternatively, it has been held that where there is a reasonable doubt concerning the legislature's intention to provide for a shortened limitation period, the benefit of the doubt should be given to the plaintiff. See Haney v. Holmes, 364 So.2d 81 (Fla. 2d DCA 1978). As Dr. Fabric is the plaintiff in this dispute below, he should be given the benefit of the doubt as to the inapplicability of Section 440.19.
Accordingly, for the reasons stated above, we REVERSE and REMAND for further proceedings consistent with this opinion.
MILLS and SHIVERS, JJ., concur.