INTERMOUNTAIN HEALTH CARE, INC., a Utah not-for-profit corporation, dba Cottonwood Hospital; Holy Cross Hospital of Salt Lake City, a not-for-profit corporation; Humana of Utah, Inc., a Utah corporation dba Davis North Medical Center; and the Utah Hospital Association, a Utah not-for-profit corporation on behalf of the member hospitals of that Association, Plaintiffs and Appellants,

v.

INDUSTRIAL COMMISSION OF UTAH, an agency of the State of Utah, Defendant and Respondent.

No. 18002.

Supreme Court of Utah.

Dec. 6, 1982.

Carolyn N. Eklund, Salt Lake City, for plaintiffs and appellants.

David L. Wilkinson, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

HOWE, Justice:

This is an appeal from (1) a declaratory judgment entered in favor of the defendant Industrial Commission of Utah declaring that it has the power and authority to set maximum rates which the plaintiffs may charge for hospital services rendered to industrial patients, and from (2) an order enjoining the plaintiffs from charging and collecting any additional amounts from industrial patients.

The plaintiffs are hospitals in this state and are members of the Utah Hospital Association. They commenced this action to obtain a declaratory judgment that the Commission did not have the authority to set "reasonable" and "just" rates which they could charge for hospital services ren-

dered to industrial patients, and that they could hold industrial patients personally liable for any amounts not paid by the Commission. Both parties filed motions for summary judgment and the trial court granted defendant's motion.

To determine if hospital rates are "reasonable" and "just," the Industrial Commission has for many years, with the cooperation of the hospitals, issued orders to the hospitals to submit relevant data regarding their charges to the Commission. After review of that data, the Commission has set the rates for the coming year upon which it will approve payment of hospital charges submitted to it.

Several statutory provisions must be considered. U.C.A., 1953, § 35–1–45 provides:

> Every employee ... who is injured ... shall be entitled to receive, and shall be paid, such compensation for loss sustained on account of such injury ... and such amount for medical, nurse and hospital services and medicines, ... as is herein provided.

Under § 35–1–81, the payment of "reasonable" and "just" sums for medical and hospital costs is mandated:

> In addition to the compensation provided for in this title the employer or the insurance carrier shall also be required to pay such reasonable sum for medical, nurse and hospital services, and for medicines, and provide such artificial means and appliances as may be necessary to treat the patient as in the judgment of the Industrial Commission may be just.

.    .    .    .    .

Section 35–1–60 provides that our statutes afford the exclusive remedy against the employer:

> The right to recover compensation pursuant to the provisions of this title for injuries sustained by an employee ... shall be the exclusive remedy against the employer ... and the liabilities of the employer imposed by this act shall be in place of any and all other civil liability

whatsoever, at common law or otherwise, to such employee .....

The Commission defends its practice of setting rates as being an implied power under the above statutes and cites in support thereof *Laws v. Industrial Commission,* 116 Utah 432, 211 P.2d 194 (1949) wherein we recognized that the Commission may adopt rules and regulations respecting the allowance of medical benefits as long as those rules conform to statute. The Commission asserts that rate schedules which it adopts are orders cloaked with a presumption of legality and reasonableness until proven otherwise under § 35–1–20. Furthermore, the Commission argues the hospitals may appeal any determination which is made by the Commission as to what amount of hospital charges are reasonable, but does not indicate how such an appeal would be taken or to what forum.

▉ Neither in the statutes quoted above nor in § 35–1–16 which sets forth the power and authority of the Commission can we find any express or implied power given to the Commission to set maximum hospital rates. The statutes are clear that the Commission is obligated to pay only medical and hospital costs which it finds to be reasonable and just in its judgment. We have heretofore held that it is within the discretion of the Commission to determine what medical expenses are reasonably necessary, but the Commission may not arbitrarily refuse to allow expenses which are reasonably necessary, particularly when essential to effectuate a recovery. *Laws v. Industrial Commission,* supra. While we think it is a salutary practice that the Commission consult with hospitals and medical care providers in order to be informed as to the basis for their charge, we find no statutory authority express or implied that the Commission may in advance fix maximum rates which will be binding upon the plaintiffs. We think that the statute only contemplates that the plaintiffs will render their services knowing that the charges therefor must pass the scrutiny of the Commission.

If the Commission rejects payment of some of the charges as being excessive or unnecessary, the injured worker may request a hearing to determine that question. Such a hearing would necessarily involve the hospital.

■ In this conclusion we are supported by the rule that the Legislature's delegation of the power to set rates must be in clear, express and unmistakable terms. *City of Winchester v. Winchester Waterworks Co.,* 251 U.S. 192, 40 S.Ct. 123, 64 L.Ed. 221 (1920); *City of Woodburn v. Public Service Commission of Oregon,* 82 Or. 114, 161 P. 391 (1916); *City of Nassau Bay v. Nassau Bay Telephone Co., Inc.,* Tex.Civ.App., 517 S.W.2d 613 (1974). For examples of where the legislature conferred the ratemaking authority on a regulatory commission, see *Board of County Commissioners, Dade County v. Southern Florida Sanitarium and Hospital Corp.,* Fla., 173 So.2d 131 (1965) and *Application of Idaho Hospital Assoc.,* 76 Idaho 34, 277 P.2d 287 (1954). See also *Bell v. Samaritan Medical Clinic, Inc.,* 60 Cal. App.3d 486, 131 Cal.Rptr. 582 (1976) where by statute an agreement for medical expenses in excess of a reasonable amount as determined by an appeals board was made unenforceable. In the instant case, had the Legislature intended to authorize the Commission to set in advance reasonable rates for hospital care, it could have done so in clear and definite language in the statutes. This was not done. The only power given the Commission in the statutes over hospital charges is the right to refuse to pay that part of them which is excessive in amount or for care which was not reasonably necessary.

■ We also conclude that the lower court erred in restraining the plaintiffs from charging and collecting from industrial patients any amounts for hospital care which the Commission did not approve as reasonable and just and, therefore, not payable by the employer or its insurance carrier. The reasonable value of the services as determined by the Commission measures the amount which the employer must pay to the employee for this item of compensation; but, the hospital providing the service is not bound by such determination when it proceeds to collect from its patient. The situation is no different than in cases where private health care insurance is involved. The insurance company under its policy with its insured may pay less than the full hospital charges but the patient remains liable for the balance. The Commission is an agency to regulate the employer-employee relationship. *Wilstead v. Industrial Commission,* 17 Utah 2d 214, 407 P.2d 692 (1965). The Workmen's Compensation Act deals exclusively with matters growing out of the relations of employer-employee. The provisions of the act are binding upon employers and employees but not upon others. We do not believe that the power given to the Commission to disallow unjust and unreasonable charges was meant to interfere with the normal hospital-patient relationship.

The Commission argues that the result which we have reached is unfair to the injured employee since a portion of his hospital charges may remain unpaid, but he is prevented by the Workmen's Compensation Act from suing his employer to collect that overage. We believe that the solution to this dilemma lies with the Legislature and that this Court should not, in order to avoid that result, leave the plaintiffs without a remedy to collect for services rendered in good faith but for which the Commission has refused payment. If it becomes unprofitable for hospitals to serve industrial patients, then the loss must be made up by its non-industrial patients. The latter group will then subsidize the former group. This result is equally unsatisfactory.

The judgment below is reversed and the case is remanded to the District Court with instructions to enter judgment in favor of the plaintiffs. Each party to bear its own costs.

HALL, C.J., and STEWART and DURHAM, JJ., concur.

GOULD, District Judge, concurring and dissenting:

I concur with the majority opinion insofar as it reverses that portion of the judgment which declares that the Commission has the power to set maximum rates for hospital services rendered to industrial patients, but dissent from that portion of the opinion which reverses the injunction against the plaintiffs, thereby sanctioning their efforts to collect excess charges directly from the patient.

There is nothing in our statutes which confers the power, express or implied, on the Commission to set maximum hospital charges, or to adopt schedules of such charges which the hospitals are required to follow.[1] Nevertheless, it is clear that under U.C.A., 1953, § 35–1–81, the Commission has the responsibility to determine reasonable hospital charges in the individual case. If the charges are found to be reasonable, an order is made requiring the employer or its insurer to pay the same. If the charges exceed a reasonable amount however, the unreasonable portion thereof would not be recoverable from the employer or the patient under any legal theory.

I cannot agree that it was the intent of our Legislature, or within the philosophy of the Workmen's Compensation Act, that an employee can be injured within the course and scope of his employment (perhaps through no fault of his own) and be liable for unreasonable hospital or medical expenses, with no remedy available to him. He cannot sue his employer for his only recourse is the remedy under the statute.[2] We do not have any business sawing off the limb of the tree upon which the injured employee is sitting.

OAKS, J., having disqualified himself, does not participate herein.

GOULD, District Judge, sat.

1. Note, however, that the Commission may adopt schedules of fees to be charged by physicians and surgeons, with which doctors must comply under U.C.A., 1953, § 35–1–98.