SLOAT CHIROPRACTIC CLINIC *v.* STEVE EVANS
DATSUN, et al.

CA 85-435                                      706 S.W.2d 181

Court of Appeals of Arkansas
Division II
Opinion delivered March 19, 1986

*Eddie H. Walker, Jr.*, for appellant.

*Daily, West, Core, Coffman & Canfield*, by: *Eldon F. Coffman* and *Douglas M. Carson*, for appellee.

DONALD L. CORBIN, Judge. This appeal from the Arkansas Workers' Compensation Commission presents the novel question of whether a chiropractor has an independent right to seek compensation for a medical bill for services to a patient who has not filed a workers' compensation claim. The Commission found no support in the act for this proposition and reversed the ALJ's decision. We affirm.

James Yarbrough, an employee of appellee Steve Evans Datsun, was involved in an automobile accident in September,

1983, which allegedly occurred while Yarbrough was driving for appellee. A few days later Yarbrough went to appellant Sloat Chiropractic Clinic for treatment. Several x-rays were taken. Yarbrough informed appellant that he had been injured in a car accident while working for appellee and signed an agreement entitled "Assignment of Payment" which provided as follows:

> My attorney and/or insurance company are hereby requested and authorized to pay direct to H.C. Sloat, D.C. any monies due him on account, the same to be deducted from any settlement made on my behalf.

> Further, I agree to pay H.C. Sloat, D.C. the difference, if any, between the total amount of his charges and the amount paid him by the attorney and/or insurance company. It is further understood that I, the undersigned, agree to pay H.C. Sloat, D.C. the full amount of his charges, should my condition be such that it is not covered by my policy or if for any reason the insurance company refuses to pay my claim.

> Dated 9-26-83       /s/ James Yarbrough

The record reflects that Yarbrough elected not to file a claim for benefits under the Arkansas Workers' Compensation Act and, instead, pursued a third party action against the driver of the other automobile. That action resulted in a settlement to Yarbrough of $9,097. The settlement covered payment of Yarbrough's attorney's fee and all medical bills except for the $250 bill from appellant Sloat Chiropractic Clinic.

Yarbrough testified at the hearing that when he signed the Assignment of Payment he thought that his workers' compensation would cover appellant's charges. He stated that he found out that he was hurt more seriously than he originally thought and hired an attorney. Yarbrough testified that he continued to receive a bill from appellant but that appellant had taken no legal action against him to collect its $250. Yarbrough stated further that for some reason or other, appellant's bill was not paid along with his other medical expenses when the lawsuit was settled.

The Commission noted in its decision that the ALJ had erroneously based his ruling on that portion of Ark. Stat. Ann. § 81-1311 (Supp. 1985), which provides:

> All persons who render services or provide things mentioned herein shall submit the reasonableness of the charges to the Commission for its approval, and when so approved, shall be enforceable by the Commission in the same manner as is provided for the enforcement of compensation payments, but the foregoing provisions relating to charges shall not apply where a written contract exists between the employer and the person who renders such service or furnishes such things.

This provision apparently led the ALJ to conclude that appellant had an independent right to pursue a claim for its charges before the Commission independent of the decision by Yarbrough not to file a workers' compensation claim. The ALJ also erroneously based his decision on Ark. Stat. Ann. § 81-1320(a) (Supp. 1985), which provides in part as follows:

> [Waiver of compensation.] No agreement by an employee to waive his right to compensation shall be valid, and no contract, regulation, or device whatsoever, shall operate to relieve the employer or carrier, in whole or in part, from any liability created by this Act [ §§ 81-1301 — 81-1349], except as specifically provided elsewhere in this Act.

Waiver was not an issue in the case at bar as no claim was filed by Yarbrough and this section is therefore inapplicable. Neither § 81-1320(a) nor § 81-1311 authorize the medical provider to initiate a claim on behalf of an employee in the event a worker elects not to file a claim for benefits.

The question presented by this appeal has not been addressed in Arkansas. In A. Larson, *The Law of Workmen's Compensation* § 61.12(k) (Vol. 2 1983), it is stated that:

> The rights of a physician to recover fees in a compensable case are derivative; that is, there must first have been compensation claim proceedings initiated by the employee or employer. The physician has no independent standing to make claims within the compensation system, unless this right has been expressly created by statute.

In *Grantham* v. *Coleman Co.*, 190 Kan. 468, 375 P.2d 629 (1962), the Kansas Supreme Court held that the compensation

commissioner had no jurisdiction to entertain a doctor's claim for services where no proceeding for compensation had been begun by the employee or employer.

The Supreme Court of Rhode Island held in *Wynne* v. *Pawtuxet Valley Dyeing Co.*, 101 R.I. 455, 224 A.2d 612 (1966), that where specific language providing the right of a physician to proceed under its Workmen's Compensation Act directly against an employer had been deleted in a later revision of the act, physicians no longer had the right to proceed under the act independently of a proceeding instituted by an employee.

In *Eastern Elevator Co.* v. *Hedman*, 290 So.2d 56 (Fla. 1974), an injured workman went to a physician for treatment. The physician treated him and submitted a bill to the state Department of Commerce. The full fee was not approved, and the physician himself sued the employer, presenting himself as a claimant under the Workmen's Compensation Act. The Judge of Industrial Claims and the Commission found that the physician had standing to bring this independent action. The Florida Supreme Court reversed, holding that under Florida law a physician is entitled to payment for services only after it has been determined that the claim was a compensable one, and that in any event the employer has a duty to pay the injured employee, not the physician. Physicians had no standing to sue as claimants under the Florida law.

Appellant Sloat Chiropractic Clinic relies upon *Willits & Son Sod Farm* v. *Moon*, 262 Ark. 742, 561 S.W.2d 82 (1978), and *Hulvey* v. *Kellwood Co.*, 262 Ark. 564, 559 S.W.2d 153 (1977), for the proposition that the Commission has the authority to determine who is liable for the payment of medical charges. In *Willits* the Arkansas Supreme Court upheld the Commission's finding that the employer was liable for medical expenditures due the Veterans Administration Hospital. There, the employee sustained a compensable injury and was admitted to the Baptist Medical Center in a comatose condition. He was later transferred to the Veterans Administration Hospital where he died without ever regaining consciousness. The Veterans Administration Hospital promptly filed its claim with the Commission for medical services rendered to the employee upon receiving notice of coverage. The employer and compensation carrier controverted

the employee-decedent's claim as well as the claim of the widow for death benefits on the basis that his injury and death were unrelated to his employment. They did not, however, challenge the validity of the Veterans Administration Hospital's claim or the standing of the widow to press for payment of the claim. By footnote, the opinion of the court noted that the Veterans Administration Hospital was not a party litigant to the action and that its only involvement was its filing a claim for medical services rendered, but the widow was the moving party against the employer and insurance carrier for consideration of the claim. After an unpublished opinion involving a collateral matter concerning the merits of the widow's claim for death benefits was handed down, the employer and insurance carrier challenged the Veterans Administration Hospital's claim for the first time on the sole ground that the hospital did not comply with Rule 21 of the Commission. Sometime thereafter the employer and insurance carrier asserted in a letter that the hospital had no standing to recover on its claim for medical services rendered. In dismissing the lack of standing argument on appeal, the court noted that the widow had taken all of the affirmative steps to require the employer and insurance carrier to pay the medical expenditures incurred in connection with her husband's injury.

Appellant Sloat Chiropractic Clinic's reliance upon the holding in *Willits* for the proposition that a medical services provider has an independent right to seek compensation is misplaced. Contrary to appellant's argument, there is no language in the *Willits* opinion which provides authority for appellant to initiate a claim on behalf of an employee in the event a worker elects not to file a claim for benefits.

Appellant also relies upon *Hulvey* v. *Kellwood Co.*, 262 Ark. 564, 559 S.W.2d 153 (1977). The question on appeal there was whether there was substantial evidence to support the Commission's reduction of a chiropractor's charges as being unreasonable. The Commission also refused to award the chiropractor an attorney's fee because the matter had been pursued by the doctor and his attorney rather than by the claimant and her attorney. On appeal the circuit court affirmed the reduction in the chiropractor's fees but found that an attorney's fee was recoverable and remanded the cause to the Commission. The Arkansas Supreme Court stated that the circuit court was correct in finding that an

attorney's fee should be allowed, relying upon that portion of § 81-1311 which provided that reasonable charges for medical services, when approved by the Commission, "shall be enforceable by the Commission in the same manner as is provided for the enforcement of compensation payments." *Id.* at 566, 567, 559 S.W.2d at 155.

Appellant Sloat Chiropractic Clinic submits in its brief that since a medical provider has an independent right to obtain legal counsel in regard to the providing of treatment to an injured worker as per the holding in *Hulvey*, there is no difference in principle in regard to a chiropractor having an independent right to file a claim for treatment that has been rendered in good faith to an injured worker. In *Hulvey* the injured worker had filed a workmen's compensation claim for an admittedly compensable injury. This fact clearly distinguishes *Hulvey* from the facts in the case at bar. We do not construe the holding in *Hulvey* as authority for a medical provider to independently initiate a claim.

Appellant further asserts that it has standing to initiate a claim on the basis of Yarbrough's execution of the Assignment of Payment. We do not find this argument persuasive inasmuch as the law provides that the right to compensation is not assignable. Ark. Stat. Ann. § 81-1321 (Repl. 1976). The language of the Assignment of Payment clearly indicates that Yarbrough assigned to appellant only his rights to payment.

Ark. Stat. Ann. § 81-1305 (Repl. 1976), provides that "Every employer should secure compensation to his employees . . . ." Liability by its own language thus runs in favor of the employee under the act. Any right appellant might have to pursue its claim must be found within the terms of the Arkansas Workers' Compensation Act. We have examined the act and can find no provision which confers upon the Commission the power to hear such claims. Since the legislature has been silent in this area, we cannot fill the void by judicial interpretation.

In conclusion, we hold that the decision of the Commission was correct in determining that appellant Sloat Chiropractic Clinic could not maintain the proceeding to recover its claim for services in the absence of a workers' compensation proceeding initiated by the employee, employer or other direct representatives.

Affirmed.

C LONINGER and M AYFIELD, JJ., agree.