Emma SAVAGE *v.* GENERAL INDUSTRIES

CA 87-277                                    745 S.W.2d 644

Court of Appeals of Arkansas
Division II
Opinion delivered March 2, 1988

*Youngdahl & Youngdahl, P.A.*, by: *Thomas H. McGowan*, for appellant.

*Friday, Eldredge & Clark*, by: *Frederick S. Ursery*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from the Workers' Compensation Commission. Appellant, Emma Savage, appeals from an order of the full Commission refusing to declare that appellant was not personally responsible for payment of medical treatment found to be unreasonable or unnecessary under Arkansas Statutes Annotated § 81-1311 (Supp. 1985). We affirm.

Appellant sustained a compensable injury on August 26, 1983, while employed by appellee, General Industries. Appellee authorized appellant to be treated by her chiropractor, Dr. William Traylor, for her work-related injury. Dr. Traylor began the authorized treatments in March 1985 and discontinued them at appellant's request in July 1985 after she was notified by appellee that the chiropractic bills were excessive. Dr. Traylor invoiced appellee in the amount of $1,955 for appellant's treatments. Appellee paid $1,010 of the invoice and contended that the remainder was unreasonable. Dr. Traylor then invoiced appellant for the unpaid balance, and appellant requested a hearing before the ALJ to determine the necessity and reasonableness of the chiropractic services of Dr. Traylor. Following a hearing on the issue, the ALJ found $1,110 of Dr. Traylor's charges were reasonable and necessary without addressing whether appellant was responsible for paying the $845 balance on the doctor's invoice. Appellant appealed to the full Commission seeking a declaration that she was not personally responsible for the unpaid portion of the chiropractic bill found to be unreasonable. The Commission declined to do so on the basis that it lacked authority. Appellant appeals to this court from the decision of the Commission and argues the following point for reversal: 1) The Workers' Compensation Commission erred in refusing to hold that the appellant was not personally responsible for payment of the medical treatment found to be unreasonable or unnecessary under Arkansas Statutes Annotated § 81-1311.

The statute provides, in pertinent part, as follows:

> Medical and Hospital Services and Supplies. The employer shall promptly provide for an injured employee such medical, surgical, hospital, and nursing service, and

medicine, crutches, artificial limbs and other apparatus as may be reasonably necessary for the treatment of the injury received by the employee. If the employer fails to provide the services or things mentioned in the foregoing sentence within a reasonable time after knowledge of the injury, the Commission may direct that the injured employee obtain such service or thing at the expense of the employer, and any emergency treatment afforded the injured employee shall be at the expense of the employer.

All persons who render services or provide things mentioned herein shall submit the reasonableness of the charges to the Commission for its approval, and when so approved, shall be enforceable by the Commission in the same manner as is provided for the enforcement of compensation payments . . . .

Appellant concedes that *Hulvey* v. *Kellwood Co.*, 262 Ark. 564, 559 S.W.2d 153 (1977) gives the Commission the authority to determine the reasonableness of medical charges. In *Hulvey*, the Arkansas Supreme Court affirmed the Commission's finding that there had been "an over utilization of services and excessive charges" in chiropractic treatment and that the bill should be reduced by forty percent (40%), and held the Commission had the "undeniable authority" to determine whether the charges were reasonable. In the case at bar, appellant also recognizes that the determination of what constitutes reasonable and necessary medical treatment under Arkansas Statutes Annotated § 81-1311 is a fact question for the Commission. *Wright Contracting Co.* v. *Randall*, 12 Ark. App. 358, 676 S.W.2d 750 (1984).

However, on appeal appellant does not question the Commission's ruling that only $1,110 of Dr. Traylor's bill was reasonable and necessary. Instead, appellant argues that although it has never been done, this court can confer upon the Commission the authority to interpret Arkansas Statutes Annotated § 81-1311 to hold that a worker who sustains a compensable injury will not be personally responsible for payment of medical expenses found to be unreasonable or unnecessary. Appellant argues that because this court found in *Sloat Chiropractic Clinic* v. *Steve Evans Datsun*, 17 Ark. App. 161, 706 S.W.2d 181 (1986) that physicians have derivative rights to recover fees in compen-

sable injury cases, it follows that health care providers are prohibited from collecting an amount greater than that approved by the Commission. To support this argument, appellant cites 2 A. Larson, *The Law of Workmen's Compensation*, § 61.12(k) (1983) which states that "the normal rule is that the obligation to pay medical bills runs from the employer to the physician or hospital. It follows that a hospital or doctor may not collect fees from the employee over and above the amount paid by the employer." This statement of workers' compensation law relies on the following three cases: *Bell* v. *Samaritan Medical Clinic, Inc.*, 60 Cal. App. 3d 486, 131 Cal. Rptr. 582 (1976); *Queen* v. *Agger*, 287 Md. App. 342, 412 A.2d 733 (1980); *Intermountain Health Care, Inc.* v. *Indus. Comm'n*, 657 P.2d 1289 (Utah 1982). Appellant cites *Queen* and *Bell* in support of her contention; however, an examination of the cases reveals that they are distinguishable from the present case. In both cases each state had an express statute prohibiting collection of medical fees greater than the amount approved as reasonable by the Commission. Arkansas law has no such express statutory language.

In *Bell*, the Workers' Compensation Appeal Board brought its own action to enjoin the practice of hospitals and doctors charging industrially injured employees for the difference between their fee amount and the amount paid by the employee's workers' compensation insurer. The California Court of Appeals affirmed an order granting a preliminary injunction because under the compensation laws of that state, the appeals board had exclusive jurisdiction to determine the reasonableness of legal or medical services, and no agreement is enforceable, valid, or binding in excess of the reasonable amount established by the appeals board. There the court noted that care providers should seek their own relief from the Board if dissatisfied with the amount paid under workers' compensation.

In *Queen*, a psychotherapist sued a claimant on an oral contract for $2,000 which represented the amount not approved by the Commission. The court declared the alleged oral contract unenforceable because the state of Maryland has a statute which expressly provides that health care providers rendering services which employers are required to provide for injured employees are prohibited from charging or collecting an amount greater than that approved by the Commission.

■ Appellant failed to cite *Intermountain*, which is consistent with Arkansas Workers' Compensation Law. There the Supreme Court of Utah reversed a district court judgment and held, in pertinent part, that hospitals could hold industrially injured patients personally responsible for any amounts for hospital care not paid by the Commission. The court noted that the reasonable value of services determined by the Commission measures the amount which the employer must pay to the employee for hospital care, but the hospital is not bound by such determination when it proceeds to collect from its patient. Holding that the Workers' Compensation Act is binding upon employers and employees but not upon others, the court stated that the Commission's power to disallow unjust and unreasonable charges was not meant to interfere with the normal hospital-patient relationship. Like Utah, Arkansas Workers' Compensation Law does not give the Commission any express or implied power to relieve an injured claimant of any medical charges found to be unreasonable.

■ The Commission in the present case pointed out that appellant did not contend that the ALJ erred but instead requested that the Commission render a declaration that appellant not be held personally liable for the portion of the chiropractic charges not approved. The Commission stated that it did not have the power through precedent or statute to render a declaratory judgment or to settle disputes between debtors and creditors. We find no provision within the Workers' Compensation Act which confers upon the Commission the power to grant the declaration sought by appellant. Had the legislature intended to grant the Commission the authority to grant the relief sought by appellant, it could have done so in clear and definite language in the statutes. This was not done. The only statutory power of the Commission is to order payment of those medical charges it finds to be reasonably necessary.

■ While we are sympathetic to appellant's request, the remedy to this situation lies with the legislature not the judiciary. It will be necessary for the Arkansas General Assembly to make a determination that the Commission has the authority to hold injured workers not personally liable for the medical charges found by it to be injust or unreasonable. *See Ark. Sec'y of State* v. *Guffey*, 291 Ark. 624, 727 S.W.2d 826 (1987). Before this court

may reverse a decision of the Commission, it must be convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Howard* v. *Ark. Power & Light Co.*, 20 Ark. App. 98, 724 S.W.2d 193 (1987). Therefore, we affirm the Commission's decision.

Affirmed.

CRACRAFT and MAYFIELD, JJ., agree.