Mr. Van B. Cook County Attorney Palm Beach County Post Office Box 1989 West Palm Beach, Florida 33402-1989
Dear Mr. Cook:
You ask substantially the following question:
 May a charter county use the inspection fees collected pursuant to s. 125.56(2), F.S., to defray the costs associated with the preparation, implementation, and enforcement of the comprehensive plan and other regulatory activities required by the Local Government Comprehensive Planning and Land Development Regulation Act?
In sum, I am of the opinion that:
 The inspection fees collected pursuant to s. 125.56(2), F.S., may only be used to defray the costs of inspection and enforcement of the provisions of s. 125.56, F.S., and the building code adopted by the county pursuant to that section. They may not be used for the purpose of funding the preparation, implementation, and enforcement of the comprehensive plan and other regulatory activities required by s. 163.3161, F.S., et. seq.
Section 125.56, F.S., authorizes the board of county commissioners to adopt a building code for the safe construction, alteration and repair of any building within its territory outside the corporate limits of any municipality.[1] To carry out the provisions of the statute, the board of county commissioners is authorized to employ a building inspector and such other personnel as it deems necessary.[2]
Subsection (2) of the statute authorizes the board of county commissioners to "provide a schedule of reasonable inspection fees in order to defer the costs of inspection and enforcement of the provisions of this act, and of any building code adopted pursuant to the terms of this act." (e.s.) After the adoption of a building code pursuant to s. 125.56(4), F.S., it is unlawful for any person, firm or corporation to construct, alter or repair a building without first obtaining a permit upon payment of such reasonable fees as set forth in the schedule of fees adopted by the board.[3]
Section 125.56, F.S., was adopted in 1963,[4] prior to the adoption of the Local Government Comprehensive Planning and Land Development Regulation Act [formerly the Local Government Comprehensive Planning Act of 1975].[5] You ask whether the fees imposed pursuant to s. 125.56, F.S., may be used by the county to prepare, implement, and enforce the county's comprehensive plan and land development regulations adopted pursuant to the Local Government Comprehensive Planning and Land Development Regulation Act.[6]
You state that the county's present and proposed land development regulatory system provides that no building permit may be issued without obtaining the appropriate zoning clearance which must, in turn, be consistent with the comprehensive plan. It is, therefore, the county's position that the building permits authorized under s. 125.56, F.S., "may be expended to prepare, implement, and enforce the comprehensive plan and land development regulations mandated by the Local Government Comprehensive Planning and Land Development Regulation Act as necessary and desirable prerequisites to the development, implementation and enforcement of building codes and related activities."
The preparation, implementation, and enforcement of the local comprehensive plan and land development regulations would appear to be related to and complement the implementation of s. 125.56, F.S. As you note in your letter, s. 163.3164(7), F.S., defines "[d]evelopment permit" to include any building permit or other official action of local government having the effect of permitting the development of land.[7]
However, the costs for the adoption and enforcement of such regulations are not costs incurred to enforce the provisions of s.125.56, F.S., or the building code adopted pursuant to that section. As noted supra, s. 125.56, F.S., authorizes the adoption of a building code for the safe construction, alteration and repair of buildings within the county. Under the express terms of the statute, the fees imposed are to defer the costs of inspection and enforcement of the provisions of that statute and of the building code adopted pursuant to the statute.[8]
In light of the plain language of the statute providing that the fees imposed pursuant to s. 125.56, F.S., are to be used to enforce the provisions of that section and the building code adopted thereunder, I am of the opinion that s. 125.56, F.S., does not authorize the use of such fees to offset the costs of preparing, implementing, and enforcing the comprehensive plan and land regulations pursuant to s. 163.3161, F.S., et seq.[9]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 125.56(1), F.S.
[2] Section 125.56(3), F.S.
[3] Any person, firm or corporation who violates any of the provisions of s. 125.56, F.S., or of any duly adopted county building code is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, F.S.
[4] See, Ch. 63-290, Laws of Florida. Section 125.56, F.S., was amended by Ch. 71-14, Laws of Florida, deleting several subsections which stated that nothing in the act affected any special act or general act of local application and which provided for approval by the electorate in a county before its application in the county. The statute was also amended by Ch. 71-136, Laws of Florida, revising the penalty provisions and by Ch. 83-160, Laws of Florida, which provided for "reasonable fees" to be imposed rather than a maximum fee in subsection (2).
[5] See, s. 163.3161(1), F.S., and Ch. 85-55, Laws of Florida, which renamed the act.
[6] See, s. 163.3167(2), F.S., which requires the county to adopt a comprehensive plan, and s. 163.3202(1), F.S., regarding the adoption of land development regulations.
[7] And see, s. 163.3164(22), F.S., defining "[l]and development regulations" to include ordinances regulating building construction.
[8] See, Ideal Farms Drainage District v. Certain Lands,19 So.2d 234 (Fla. 1944) (where a statute enumerates things on which it is to operate, it must be construed as excluding from its operation all things not expressly mentioned therein); Rebich v. Burdine's and Liberty Mutual Insurance Company, 417 So.2d 284 (1 D.C.A.Fla., 1982). And see, Senate Staff Analysis and Economic Impact Statement, CS/SB 556 (enacted as Ch. 83-160, Laws of Florida), dated June 8, 1983, stating that the amendment "would allow the boards of county commissioners to set reasonable fees for building inspections and enforcement of the county building code. The same authority is provided for municipalities." (e.s.)
[9] While Palm Beach County is a charter county, your inquiry concerns the use of fees imposed pursuant to a general law. See, s. 1(g), Art. VIII, State Const., stating that charter counties shall have all powers of local self-government not inconsistent with general law, or with special law approved by the electorate. Compare, s. 1(f), Art. VIII, State Const., providing that non-charter counties may act in a manner not inconsistent with general or special law. Cf., Campbell v. Monroe County,426 So.2d 1158 (3 D.C.A.Fla., 1983) (ordinances may not conflict with state statute and if any doubt exists, doubt is to be resolved against ordinance in favor of statute). Accordingly, my response that fees imposed pursuant to s. 125.56, F.S., may not be used to offset the costs of the comprehensive plan and land development regulations would not be affected by the status of Palm Beach County as a charter county.