Jesse TAGGART v. NORTHEAST ARKANSAS REHABILITATION HOSPITAL

93-703                                              870 S.W.2d 717

Supreme Court of Arkansas
Opinion delivered February 21, 1994

*Larry J. Steele*, for appellant.

*W. Ray Nickle*, for appellee.

STEELE HAYS, Justice. Northeast Arkansas Rehabilitation Hospital (appellee) brought this action in the circuit court to recover for rehabilitation services rendered to Jesse Taggart (appellant). Since the interpretation or construction of an act of the General Assembly is in question, our jurisdiction attaches under Ark. Sup. Ct. R. 29(1)(c). The question we are asked to decide is whether a medical provider whose charges are disallowed by the Arkansas Workers' Compensation Commission as unreasonable or unnecessary may recover from the employee. The answer is yes.

Appellant Jesse Taggart sustained an injury to his right hand at the plant of Frolic Footwear, his employer. Taggart developed reflex sympathectomy dystrophy — a conversion disorder. He was referred by a treating physician to the Northeast Arkansas Rehabilitation Hospital, appellee, and came under the care of Dr. Russell Dixon. Frolic Footwear's carrier paid $5,649.30 toward the rehabilitation charges but refused to pay the additional $12,030.20. The Administrative Law Judge disallowed that amount as unreasonable and unnecessary. That ruling was affirmed by the Commission and by the Arkansas Court of Appeals.

The hospital filed suit against Taggart to recover the balance of its charges. Taggart moved to dismiss on the contention that the referral to the hospital was recommended by physicians selected by the employer and the hospital had continued to treat him notwithstanding the employer's objection. The trial court held that Taggart was indebted for the services and Taggart appeals on the single point that the trial court erred in denying his motion to dismiss the complaint. We affirm the judgment appealed from.

Taggart's argument on appeal is two-fold: 1) Dr. Dixon knew the claim was controverted but continued treatments; and, 2) Taggart was the beneficiary of an implied contract between the hospital and the employer to pay for the treatment.

We equate the first contention with estoppel, though

it is not labeled as such. We recently discussed the elements of estoppel in *Hope Education Association* v. *Hope School District*, 310 Ark. 768, 839 S.W.2d 526 (1992): 1) The party to be estopped must know the facts; 2) he or she must intend that his or her conduct shall be acted upon or must act so that the party asserting the estoppel has a right to believe the other party so intended; 3) the party asserting the estoppel must be ignorant of the true facts; and 4) the party asserting the estoppel must rely on the other party's conduct to his or her injury.

Of the scant evidence presented to the trial court, it might be said there was some basis for elements one and four, but none whatever for the other two. A waiver argument would meet the same result. *See Ingram* v. *Wirt*, 314 Ark. 553, 864 S.W.2d 237 (1993).

Turning to the other contention, we agree that a contract may arise by implication from the conduct of the parties [*see Steed* v. *Busby*, 268 Ark. 1, 593 S.W.2d 34 (1980)]; however, to be enforceable it must be definite and certain in its terms. *Welch* v. *Cooper*, 11 Ark. App. 263 (1984). Here, there is nothing to show that an agreement clearly arose. The only proof touching on who was responsible for payment came from the hospital, which introduced a Patient Consent Form executed at the time of Taggart's admission. The provisions includes the following:

GUARANTEE OF ACCOUNT:

In consideration of services rendered or to be rendered by Northeast Arkansas Rehabilitation Hospital, I agree to pay the Hospital the regular charges for all services ordered by the attending physician, patient or patient's family or otherwise rendered or to be rendered to the patient. Should the charges, or any part thereof, be referred to an attorney for collection, the undersigned shall pay reasonable attorney's fees and collections expense.

The form purports to bear the signature of Jesse Taggart. Taggart denied actually signing the form, adverting to his injured right hand, but acknowledged that the handwriting resembled that of his wife. He did not disclaim knowledge of the provision nor in any wise challenge her authority to sign in his stead.

We think this case is controlled by the case of *Savage v. General Industrials*, 23 Ark. App. 188, 745 S.W.2d 644 (1988). The claimant, Ms. Savage, appealed from an order of the commission refusing to declare that she was not personally responsible for payment of medical expenses found to be unreasonable or unnecessary under provisions of the Workers' Compensation Act then appearing in Ark. Stat. Ann. § 81-1311 (Supp. 1985) and now codified as §§ 11-9-508 and 11-9-513 (1987). Pertinent portions of those provisions read:

§ 11-9-508.

(a) The employer shall promptly provide for an injured employee such medical, surgical, hospital, and nursing service, and medicine, crutches, artificial limbs, and other apparatus *as may be reasonably necessary* for the treatment of the injury received by the employee. [Our emphasis.]

§ 11-9-513.

All persons who render services or provide things mentioned in §§ 11-9-508 – 11-9-516 shall submit *the reasonableness of the charges* to the commission for its approval, and, when so approved, the charges shall be enforceable by the commission in the same manner as is provided for the enforcement of compensation payments. However, the provisions of this section relating to charges shall not apply where a written contract exists between the employer and the person who renders the service or furnishes the things. [Our emphasis.]

Ms. Savage's employer had approved $1,010 of her physician's total charge of $1,955, alleging the balance was unreasonable. Addressing that dispute, the Administrative Law Judge found $1,110 reasonable and necessary, but did not decide whether she was personally responsible for the balance. The Commission also held that it lacked that authority, notwithstanding its empowerment under *Hulvey v. Kellwood*, 262 Ark. 564, 559 S.W.2d 153 (1977), to determine the reasonableness of medical charges.

On appeal Ms. Savage urged the Court of Appeals to hold that a worker who sustains a compensable injury is not per-

sonally liable for payment of medical expenses found to be unreasonable or unnecessary. The Court of Appeals carefully examined that issue and supportive authority. It noted that the collection from the employee of unreasonable medical fees is prohibited under some statutory schemes, but that other courts, interpreting statutes similar to ours, hold that the Commission has no power to disallow unreasonable or unnecessary charges. *See, e.g. Intermountain Health Care, Inc.* v. *Industrial Commission*, 657 P.2d 1289 (Utah 1982). We believe that holding is consistent with the palpable intent of our statutes.

For the reasons stated, the judgment is affirmed.